**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MASON WENTZ, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MODERNA, INC., STÉPHANE BANCEL, JAMES M. MOCK, and STEPHEN HOGE,<br><br>Defendants. | Case No. 1:24-cv-12058-IT<br><br>**CLASS ACTION** |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF PAK SA KIM FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**

Pak Sa Kim ("Kim") respectfully submits this memorandum of law in support of his motion for: (a) appointment as Lead Plaintiff, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (b) approval of his selection of Bernstein Liebhard LLP ("Bernstein Liebhard") as Lead Counsel and Hutchings Barsamian Mandelcorn, LLP ("Hutchings Barsamian") as Local Counsel for the litigation.

## PRELIMINARY STATEMENT

The above-captioned securities class action (the "Action") is currently pending in this District. The Action asserts violations of the Exchange Act against Defendants on behalf of all purchasers (the "Class") of Moderna, Inc. ("Moderna" or the "Company") securities from January 18, 2023 and June 25, 2024, inclusive (the "Class Period"). Under the PSLRA, class action complaints alleging violations of the Exchange Act trigger statutory requirements for selecting the most adequate plaintiff to lead the action (the "Lead Plaintiff"). The presumptive lead plaintiff is the movant that has both the largest financial interest in the litigation and has made a *prima facie* showing that it is a typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").

Kim lost $95,551 on his Moderna investments and satisfies these requirements. Kim is 54 years old, lives in Pensacola, Florida and is a retired veteran of the United States Army. Kim has been investing for more than 29 years. Kim believes that his financial interest of $95,551 is the largest financial loss in the litigation. Kim satisfies the requirements of Rule 23 because his claims are typical of the claims of the Class as he suffered harm in connection with the same related misstatements and omissions as the rest of the Class. Kim will also fairly and adequately represent the interests of the Class. Kim satisfies the standards under the PSLRA to be appointed as Lead Plaintiff.

Accordingly, Kim respectfully requests that the Court appoint him as Lead Plaintiff and approve his selection of Bernstein Liebhard as Lead Counsel and Hutchings Barsamian as Local Counsel.

**SUMMARY OF ALLEGATIONS**

According to the Complaint, Moderna is a biotechnology company that discovers, develops, and commercializes messenger RNA ("mRNA") therapeutics and vaccines for the treatment of infectious diseases, immuno-oncology, rare diseases, autoimmune, and cardiovascular diseases in the U.S., Europe, and internationally.  The Company's products include, *inter alia*, mRESVIA (mRNA-1345), an mRNA respiratory syncytial virus ("RSV") vaccine, intended to protect adults aged 60 years and older from lower respiratory tract disease caused by RSV infection.

In July 2023, Moderna initiated a rolling submission of a Biologics License Application ("BLA") to the U.S. Food and Drug Administration ("FDA") – the process by which a pharmaceutical company submits completed sections of a BLA for review by the FDA before all sections become available – for real-time review of mRNA-1345 backed by late-stage data, which indicated a vaccine efficacy rate of 83.7% as defined by two or more RSV symptoms related to the lower respiratory tract.

Plaintiff alleges that Defendants made materially false and/or misleading statements throughout the Class Period, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors that: (i) mRNA-1345 was less effective than Defendants had led investors to believe; and (ii) accordingly, mRNA-1345's clinical and/or commercial prospects were overstated.

On May 31, 2024, Moderna issued a press release "announc[ing] that the [FDA] has approved mRESVIA (mRNA-1345) . . . to protect adults aged 60 years and older from lower

respiratory tract disease caused by RSV infection." However, the Company's press release indicated a vaccine efficacy of only 78.7%, significantly lower than the 83.7% vaccine efficacy that Moderna had previously identified in its mRNA-1345 BLA rolling submission to the FDA. Following this announcement, analysts and market observers were quick to note mRNA-1345's lower-than-expected efficacy rate. On this news, Moderna's stock price fell $8.94 per share, or 5.9%, to close at $142.55 per share on May 31, 2024.

Then, on June 26, 2024, in a presentation before the Centers for Disease Control and Prevention's ("CDC") Advisory Committee on Immunization Practices, Moderna disclosed that after 18 months, mRNA-1345 proved only 49.9% to 50.3% effective against multiple symptoms of lower respiratory tract disease – a significantly lower efficacy rate than vaccines produced by Moderna's competitors.

Following this presentation, market analysts again took notice of mRNA1345's reduced efficacy rate. For example, in an article published the same day, *Reuters* stated that Moderna's "mRESVIA showed 50% efficacy in preventing RSV after 18 months" and that, by comparison, the RSV vaccines of Moderna's competitors GSK and Pfizer were "78% effective in preventing severe RSV over a second year" and "78% effective through a second RSV season," respectively. Also on June 26, 2024, *Bloomberg* published an article entitled "Moderna RSV Vaccine Efficacy Sinks Over Time, CDC Documents Show," which stated that "[t]he results could further raise doubts over the prospects for its shot, which is already third to the market."

On this news, Moderna's stock price fell $15.15 per share, or 11.01%, to close at $122.45 per share on June 26, 2024.

## ARGUMENT

### I.    THE COURT SHOULD APPOINT KIM AS LEAD PLAINTIFF

#### A.    The Procedure Required by the PSLRA

The PSLRA establishes a straightforward sequential procedure for selecting a Lead Plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." Sections 21D(a)(1) and (a)(3)(B), 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B).

First, the plaintiff who files the initial action must publish a notice (the "Early Notice") to the class within 20 days of filing the action informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as Lead Plaintiff within 60 days after publication of the Early Notice. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). Second, the PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by putative class members in response to an Early Notice by the later of: (i) 90 days after publication of the Early Notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See* 15 U.S.C. § 78u-4(a)(3)(B). Finally, in considering any motion to serve as Lead Plaintiff, the Court "shall appoint as lead plaintiff" the "most adequate plaintiff." *Id.*

The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" is the person or group of persons that:

i)    has either filed the complaint or made a motion in response to an Early Notice;

ii)    in the determination of the court, has the largest financial interest in the relief sought by the class; and

iii)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

This presumption "may be rebutted only upon proof" by a putative class member that the presumptively most adequate plaintiff: (1) "will not fairly and adequately protect the interests of the class"; or (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth *infra*, Kim meets the foregoing criteria, and therefore is the presumptive "most adequate plaintiff" of the Class.

### B.    Kim Satisfies the Lead Plaintiff Provisions of the PSLRA

Kim respectfully submits that he should be appointed lead plaintiff because he satisfies the requirements of the PSLRA. Kim filed a timely motion to be appointed lead plaintiff, believes he has the largest financial interest in the relief sought by the Class, and satisfies the typicality and adequacy requirements of Rule 23.

### 1.    Kim Filed a Timely Motion

Kim's motion is timely. On August 9, 2024, the Early Notice was published. *See* Hess-Mahan Decl., Exhibit A. Accordingly, putative class members had until October 8, 2024 to file lead plaintiff motions. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II) ("not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff"). Here, Kim timely filed the motion in response to the Early Notice. Additionally, Kim has filed a sworn certification, pursuant to 15 U.S.C. § 78u-4(a)(2)(A), attesting to his review of the complaint in this Action and willingness to serve as a representative of the Class, including providing testimony at deposition and trial, if necessary. *See* Hess-Mahan Decl., Ex. B. Accordingly, Kim satisfies the first requirement to serve as Lead Plaintiff for the Class.

### 2.    Kim Believes He Has the "Largest Financial Interest"

To the best of his knowledge, Kim has the largest financial interest of any investor seeking to serve as Lead Plaintiff. The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" is the plaintiff or movant with "the largest financial interest in the relief sought by the class" who "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Kim lost $95,551 in connection with his purchases of Moderna securities during the Class Period. *See* Hess-Mahan Decl., Ex. C. Kim is not aware of any other proposed lead plaintiff with a larger financial interest.

### 3.    Kim Satisfies the Requirements of Rule 23

Under the PSLRA, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). "In deciding a motion to serve as lead plaintiff, a court need only make findings as to the typicality and adequacy of the proposed lead plaintiff,… [t]hose findings need only be 'preliminary.'" *Local No. 8 IBEW Ret. Plan v. Vertex Pharm. Inc.*, 52 F. Supp. 3d 337, 341 (D. Mass. 2014) (citation omitted).

#### a.    Kim's Claims Are Typical of Those of the Class

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiff's claims "arise from the same course of events and involve the same legal theory as to the claims of the rest of the class." *Local No. 8*, 52 F. Supp. 3d at 341. Here, Kim meets this requirement because, just like all other class members, he purchased Moderna securities in reliance upon Defendants' allegedly materially false and misleading statements and suffered damages thereby. Thus, Kim's claims are typical

6

of those of other class members since every claim arises out of the same course of events and is based on the same legal theories. Thus, Kim satisfies the typicality requirement of Rule 23(a)(3).

### b. Kim Will Fairly and Adequately Protect the Interests of the Class

Under Rule 23(a)(4), the representative parties must also "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). A plaintiff is "capable of adequately protecting the interests of the class" by "possess[ing] 'common interests and an absence of conflict with the class members[,] and . . . plaintiff's attorneys are qualified, experienced, and vigorously able to conduct the litigation.'" *Local No. 8*, 52 F. Supp. 3d at 341 (citation omitted).

Here, Kim does not have any interests adverse to the interests of the class. Indeed, Kim and members of the Class share the same interest: to maximize the recovery from Defendants as a result of the alleged fraud. Additionally, Kim has further demonstrated his adequacy through his retention of Bernstein Liebhard as Lead Counsel for the proposed Class. As discussed more fully below, Bernstein Liebhard is highly qualified and experienced in securities class action litigation and has repeatedly demonstrated its ability to prosecute complex securities class action lawsuits nationwide. Kim has submitted a signed certification declaring his commitment to protecting the interests of the Class, further demonstrating that he is competent to serve as a class representative. *See* Hess-Mahan Decl., Ex. C. Kim's substantial loss also demonstrates that he has a sufficient interest in the outcome of this litigation to ensure vigorous advocacy.

Accordingly, Kim has made a *prima facie* showing that he satisfies the typicality and adequacy requirements of Rule 23(a).

## II. THE COURT SHOULD APPROVE KIM'S CHOICE OF COUNSEL

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Bernstein Liebhard has extensive

experience prosecuting complex securities class actions, such as this one, and is well qualified to represent the Class. *See* Hess-Mahan Decl., Ex. D (Firm Résumé of Bernstein Liebhard). Bernstein Liebhard has frequently been appointed as Lead Counsel or Co-Lead Counsel in securities class action lawsuits since the passage of the PSLRA, and has frequently appeared in major actions in numerous courts throughout the country and in this district. Some of the firm's most recent Lead Counsel appointments include *Zerbato v. AlloVir, Inc.*, Case No. 1:24cv10152 (D. Mass.); *Teroganesian v. Southwest Airlines Co. et al.*, Case No. 4:23cv00115 (S.D. Tex.); *In re Origin Materials, Inc. Securities Litigtion*, Case No. 2:23-cv-01816 (E.D. Cal.); *Ouranitsas v. Tupperware Brands Corporation et al.*, Case No. 6:23cv00511 (M.D. Fla.); *Saye v. NIO Inc. et al.*, Case No. 1:22cv07252 (S.D.N.Y.); *In re IronNet, Inc. Securities Litigation*, No. 1:22-cv-00449 (E.D. Va.); *Ferreira v. Funko, Inc.*, No. 2:20-cv-02319 (C.D. Cal.); *Valdes v. Kandi Technologies Group, Inc.*, No. 2:20-cv-06042 (E.D.N.Y.); *Vitiello et al. v. Bed Bath & Beyond, Inc. et al.*, No. 2:20-cv-04240 (D.N.J.); and *In re Stellantis N.V. Securities Litigation*, No. 1:19-cv-06770 (E.D.N.Y.).

*The National Law Journal* has recognized Bernstein Liebhard for thirteen years as one of the top plaintiffs' firms in the country. Bernstein Liebhard was also listed for fifteen consecutive years in *The Legal 500*, a guide to the best commercial law firms in the United States, as well as in *Benchmark Plaintiff: The Definitive Guide to America's Leading Plaintiff Firms & Attorneys* for four consecutive years. Bernstein Liebhard was also selected to the *National Law Journal's* annual "America's Elite Trial Lawyers" list for three consecutive years.

Some of Bernstein Liebhard's outstanding successes as Lead Counsel and Co-Lead Counsel include:

- *In re Beacon Associates Litigation*, No. 09 CIV 0777 (LBS) (AJP) (S.D.N.Y. 2013) ($219 million settlement);

- *In re Fannie Mae Securities Litigation*, No. 04-1639 (FJL) (D.D.C. 2013) ($153 million settlement);

- *In re Tremont Securities Law, State Law and Insurance Litigation*, No. 08-CV-11117 (TPG) (S.D.N.Y. 2011) (settlement in excess of $100 million);

- *In re Marsh & McLennan Companies Securities Litigation*, No. 04-CV-8144 (CM) (S.D.N.Y. 2009) ($400 million settlement);

- *In re Royal Dutch/Shell Transport Securities Litigation*, No. 04-374 (JAP) (D.N.J. 2008) (U.S.-based settlement amounting to $166.6 million);

- *In re Freeport-McMoRan Copper & Gold, Inc. Derivative Litigation*, C.A. No. 8145-VCN (Del. Ch. 2015) ($153.5 million settlement in a shareholder derivative action); and

- *City of Austin Police Retirement System v. Kinross Gold Corp. et al.*, No. 12-CV-01203-VEC (S.D.N.Y. 2012) ($33 million settlement).

Further, Bernstein Liebhard partner Stanley Bernstein served as Chairman of the Executive Committee in *In re Initial Public Offering Securities Litigation*, No. 21 MC 92 (SAS) (S.D.N.Y. 2009), one of the largest consolidated securities class actions ever prosecuted, resulting in a $586 million settlement.

Likewise, Hutchings Barsamian is well-suited to serve as local counsel for the proposed Class. *See* Hess-Mahan Decl. Exhibit E.

Accordingly, the Court may be assured that by granting this Motion, the Class will receive the highest caliber of legal representation.

## **CONCLUSION**

For the foregoing reasons, Kim respectfully requests that this Court: (1) appoint Kim as Lead Plaintiff; and (2) approve Kim's selection of Bernstein Liebhard as Lead Counsel and Hutchings Barsamian as Local Counsel for the litigation.

Dated: October 8, 2024                          Respectfully submitted,

**HUTCHINGS BARSAMIAN
MANDELCORN, LLP**

*/s/ Theodore M. Hess-Mahan*
Theodore M. Hess-Mahan (BBO #557109)
110 Cedar Street, Suite 250
Wellesley Hills, MA 02481
Telephone: (781) 431-2231
Facsimile: (781) 431-8726
thess-mahan@hutchingsbarsamian.com

*Local Counsel for Pak Sa Kim and Proposed
Local Counsel for the Proposed Class*

**BERNSTEIN LIEBHARD LLP**
Laurence J. Hasson
Joseph R. Seidman, Jr.
10 East 40th Street
New York, NY 10016
Telephone: (212) 779-1414
Facsimile: (212) 779-3218
Email:  lhasson@bernlieb.com
        seidman@bernlieb.com

*Counsel for Pak Sa Kim and Proposed Lead
Counsel for the Proposed Class*

10

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on October 8, 2024.

*/s/Theodore M. Hess-Mahan*
Theodore M. Hess-Mahan
