**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MASON WENTZ, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MODERNA, INC., STÉPHANE BANCEL, JAMES M. MOCK, and STEPHEN HOGE,<br><br>Defendants. | Case No.: 1:24-cv-12058-IT<br><br><u>CLASS ACTION</u> |

**THE ORCA TRUST DATED MAY 29, 2018'S MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL AND OPPOSITION <u>TO COMPETING LEAD PLAINTIFF MOTIONS</u>**

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT ................................................................................................................... 4

    I.    The PSLRA Process............................................................................. 4

    II.   The Orca Trust is the Presumptive Lead Plaintiff ............................................ 4

    A.   The Orca Trust Possesses the Largest Financial Interest of Any Movant. ...................... 4

    B.   The Orca Trust Satisfies Rule 23's Typicality and Adequacy Requirements. ............... 5

    C.   Approval of the Orca Trust's Choice of Counsel is Appropriate. .................................. 6

CONCLUSION.................................................................................................................... 7

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ark. Teacher Ret. Sys. v. Insulet Corp.*,
177 F. Supp. 3d 618 (D. Mass. 2016) .................................................................................... 2

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001) ................................................................................................... 5

*Coopersmith v. Lehman Bros., Inc.*,
344 F. Supp. 2d 783 (D. Mass. 2004) ................................................................................ 1, 6

*Emerson v. Genocea Biosciences, Inc.*,
Nos. 17-12137-PBS, et al., 2018 WL 839382 (D. Mass. Feb. 12, 2018) ........................ 1, 4, 5

*Hackel v. AVEO Pharms., Inc.*,
No. 19-cv-10783-ADB, 2019 WL 1992556 (D. Mass. May 6, 2019) ...................................... 4

*Leavitt v. Alnylam Pharms., Inc.*,
378 F. Supp. 3d 60 (D. Mass. 2019) ...................................................................................... 5

*In re Lernout & Hauspie Sec. Litig.*,
138 F. Supp. 2d 39 (D. Mass. 2001) ...................................................................................... 5

*Luongo v. Desktop Metal, Inc.*,
Civil Action No. 1:21-cv-12099-IT, 2022 U.S. Dist. LEXIS 119570, (D. Mass. July 7,
2022) ....................................................................................................................................... 3

*In re Olsten Corp. Sec. Litig.*,
3 F. Supp. 2d 286 (E.D.N.Y. 1998) .................................................................................... 2, 4

**Statutes**

15 U.S.C. § 78u-4 ................................................................................................... 1, 3, 4, 6

**PRELIMINARY STATEMENT**

Lead Plaintiff Movant the Orca Trust dated May 29, 2018's (the "Orca Trust") respectfully submits this Memorandum of Law: (1) in further support of its motion for appointment as Lead Plaintiff and approval of its selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") to serve as Lead Counsel for the putative Class (Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel by Orca Trust dated May 29, 2018, Doc. No. 20) in the above-captioned action (the "Action"); and (2) in opposition to the competing motions of: (i) Pak Sa Kim (Motion Appointment as Lead Plaintiff and Approval of Selection of Counsel by Pak Sa Kim, Doc. No. 26); (ii) Joseph Pellegrene (Motion to Appoint Counsel and Lead Plaintiff by Joseph Pellegrene, Doc. No. 24); and (iii) Stephen Feldman (Motion to Appoint Counsel and Lead Plaintiff by Stephen Feldman, Doc. No. 29).

The Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4) (the "PSLRA"), sets forth a clear directive in terms of appointing lead plaintiffs to serve in securities fraud class actions. The PSLRA applies in the case at hand and, under the PSLRA, the Orca Trust's motion for appointment as lead plaintiff and selection of counsel should be granted.

The PSLRA presumes that the "most adequate plaintiff" is the movant that "has the largest financial interest in the relief sought by the class" and should be appointed as lead plaintiff, so long as he is otherwise adequate and typical. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb); *See, e.g., Coopersmith v. Lehman Bros., Inc.*, 344 F. Supp. 2d 783, 793 (D. Mass. 2004) (appointing as Lead Plaintiff the movant with the largest financial loss); *Emerson v. Genocea Biosciences, Inc.*, Nos. 17-12137-PBS, et al., 2018 WL 839382, at *3 (D. Mass. Feb. 12, 2018) (loss is the most important factor in assessing financial interest). The Orca Trust has, by far, the largest financial interest under

all the factors typically examined by Courts in this District and throughout the country: "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered during the class period." *Ark. Teacher Ret. Sys. v. Insulet Corp.*, 177 F. Supp. 3d 618, 622 (D. Mass. 2016) (quoting *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998)). As demonstrated in the table below, the Orca Trust's financial interest is larger than any other movant seeking to be appointed as the lead plaintiff in this Action:

| Movant[1] | Gross Shares Purchased | Net Shares Retained | Net Funds Expended | Claimed Losses |
|---|---|---|---|---|
| Orca Trust dated May 29, 2018 | 78,000 | 25,000 | $3,579,194.00 | $811,944.00 |
| Pak Sa Kim | 1,522 | 1,406 | $231,304.56 | $95,551.52 |
| Joseph Pellegrene | 1,000 | 1,000 | $153,966.12 | $59,074.45 |
| Stephen Feldman | 300 | 300 | $37,951.50 | $8,295.00 |

The Orca Trust also meets the typicality and adequacy requirements of Rule 23, entitling it to the presumption of lead plaintiff. The "Class" in this case is defined as, "all persons and entities other than Defendants that purchased or otherwise acquired Moderna securities between January 18, 2023 and June 25, 2024, both dates inclusive (the "Class Period")". *See* Complaint against James M. Mock, Stephane Bancel, Moderna, Inc., Stephen Hoge, Doc. No. 1 at ¶ 1. The Orca Trust acquired its Moderna securities starting on December 29, 2023 through June 24, 2024, during the Class Period. *See* Declaration re 20 Motion for Appointment as Lead Plaintiff and

---

[1] *See* Declaration re 20 Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel by Orca Trust dated May 29, 2018, Exhibit B- Loss Chart, Doc. No. 22-2; Declaration re 19 Motion to Appoint Counsel and Lead Plaintiff by Stephen Feldman, Exhibit A- Damages Analysis, Doc. No. 26-1; Declaration re 24 Motion to Appoint Counsel and Lead Plaintiff by Joseph Pellegrene, Exhibit C- Loss Chart, Doc. No. 27-3; and Affidavit of Theodore M. Hess-Mahan in Support re 29 Motion Appointment as Lead Plaintiff and Approval of Selection of Counsel filed by Pak Sa Kim, Exhibit Loss Chart, Doc. No. 31-3.

Approval of Selection of Counsel by Orca Trust dated May 29, 2018, Exhibit A- PSLRA Certification, Doc. No. 22-1 and Doc. No. 22-2. Thus, the Orca Trust falls squarely within the class definition.

Mr. Brian Lundstrom, as trustee of the Orca Trust, is individually authorized to act on behalf of the Orca Trust in all respects, including this lawsuit. *See* Memorandum in Support re 20 Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel filed by Orca Trust dated May 29, 2018, Doc. No. 21 at p.10 and Doc. No. 22-2. Mr. Brian Lundstrom is committed to overseeing the prosecution of this Action to ensure its success. His commitment to the case, along with his educational and professional background, will prove advantageous for the plaintiffs in this litigation. The Orca Trust, therefore, has made a *prima facie* showing of adequacy for the purposes of Rule 23.

With $811,944.00 in losses, there can be no dispute that the Orca Trust holds the "largest financial interest" in the Action and is, therefore, presumptively the "most adequate plaintiff" for the purpose of serving as lead plaintiff pursuant to the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B). Its significant financial interest in this litigation ensures that it will vigorously pursue recovery on behalf of the Class. *See Luongo v. Desktop Metal, Inc.*, Civil Action No. 1:21-cv-12099-IT, 2022 U.S. Dist. LEXIS 119570, at *16 (D. Mass. July 7, 2022) (finding that movant "has sustained significant financial losses, the court finds that she has incentive to maximize the recovery from the alleged fraud and her claims do not conflict with those asserted on behalf of the class."). As none of the competing movants can rebut this presumption with proof that the Orca Trust is somehow atypical or inadequate, the Orca Trust is entitled to be appointed as the lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Accordingly, for these reasons, the Orca Trust respectfully requests that the Court grant its motion in its entirety and deny the competing motions.

## ARGUMENT

### I.    The PSLRA Process.

The PSLRA creates a presumption that the lead plaintiff is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The movant that has the largest financial interest must make a *prima facie* showing of adequacy and typicality under Rule 23. *See Hackel v. AVEO Pharms., Inc.*, No. 19-cv-10783-ADB, 2019 WL 1992556, at *2 (D. Mass. May 6, 2019) (noting that a movant "need only make a *prima facie* showing of typicality and adequacy" to satisfy Rule 23's requirements). Once this presumption is triggered, it may be rebutted only upon proof that the presumptive lead plaintiff will not fairly represent the interests of the Class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Here, the most adequate class representative is the Orca Trust.

### II.    The Orca Trust is the Presumptive Lead Plaintiff

#### A.  The Orca Trust Possesses the Largest Financial Interest of Any Movant.

While the PSLRA does not explain how to calculate the greatest financial interest in the relief sought by the class, courts throughout the country typically examine "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and, most importantly, (4) the approximate losses suffered during the class period." *Emerson*, 2018 WL 839382, at *3 (citing *In re Olsten Corp. Sec. Litig.,* 3 F. Supp. 2d 286, 295) Further. Courts in the First Circuit recognize that the amount of financial loss is the most significant factor to be considered. *See Emerson*, 2018 WL 839382, at *3 (losses are the most important factor).

The Orca Trust has the largest financial interest in the relief sought by the Class, suffering the greatest loss by over $700,000 compared to the closest competing movant.

4

| Movant | Gross Shares Purchased | Net Shares Retained | Net Funds Expended | Claimed Losses |
|---|---|---|---|---|
| Orca Trust dated May 29, 2018 | 78,000 | 25,000 | $3,579,194.00 | $811,944.00 |
| Pak Sa Kim | 1,522 | 1,406 | $231,304.56 | $95,551.52 |
| Joseph Pellegrene | 1,000 | 1,000 | $153,966.12 | $59,074.45 |
| Stephen Feldman | 300 | 300 | $37,951.50 | $8,295.00 |

*See* Doc. Nos. 22-2; 26-1; 27-3; and 31-3.

As demonstrated above, it is clear that the Orca Trust possesses the largest financial interest of any movant before the Court under every factor considered, including the most important factor, as it suffered the largest loss, acquired the most shares, retained the most shares, and expended the most funds out of all movants. Therefore, the Orca Trust has the largest financial interest.

**B. The Orca Trust Satisfies Rule 23's Typicality and Adequacy Requirements.**

Pursuant to the PSLRA, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also make the requisite *prima facie* showing that he satisfies the typicality and adequacy requirements of Rule 23. *See Emerson*, 2018 WL 839382, at *3 n.2 (requiring a "prima facie showing of typicality and adequacy") (citing *In re Cendant Corp. Litig.,* 264 F.3d 201, 263 (3d Cir. 2001)). The Orca Trust has gone beyond making the prima facie showing of the typicality and adequacy requirements of Rule 23, thus triggering the statutory presumption of lead plaintiff in his favor.

The Orca Trust purchased 78,000 and retained 25,000 Moderna shares during the Class period, in the same manner as all other Class members, and holds no interest adverse to the rest of the class. *See* Doc. Nos. 22-1, 22-2, and 21 at p. 9. "A plaintiff's claim is typical if it arises from 'the same events or course of conduct' and involves the same legal theory as the claims of the rest of the class members." *Leavitt v. Alnylam Pharms., Inc.,* 378 F. Supp. 3d 60, 65 (D. Mass. 2019) (quoting *In re Lernout & Hauspie Sec. Litig.*, 138 F. Supp. 2d 39, 46 (D. Mass. 2001)). Mr. Brian

5

Lundstrom, as trustee of the Orca Trust, is more than qualified to represent the Class with an impressive educational background and Master of Science in Biochemical Engineering and an MBA-equivalent degree in international management and finance. *See* Doc. No. 21 at p.10. Mr. Brian Lundstrom currently resides in Henderson, Nevada. *Id*. He is currently employed as the founder of Abvivo, an antibody discovery company. *Id*. The Class will benefit from the Orca Trust's appointment due to the fact that Mr. Brian Lundstrom would be able to appear for deposition and/or trial on behalf of the class representatives. Since the Orca Trust has the largest financial interest in the relief sought by the Class and otherwise satisfies Rule 23, he is the presumptive "most adequate plaintiff" of the Class within the meaning of the PSLRA.

To overcome the strong presumption entitling the Orca Trust to appointment as Lead Plaintiff, the PSLRA requires "***proof***" that the presumptive Lead Plaintiff is inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added). This the competing movants cannot do. No such proof exists to rebut the presumption in favor of the Orca Trust, nor is it subject to a unique defense that would otherwise detract attention from the allegations of the Action.

Accordingly, as the Orca Trust has the largest financial interest in the litigation and satisfies the adequacy and typicality requirements of Rule 23, it is entitled to the presumption of being the "most adequate plaintiff" to represent the Class.

### C.  Approval of the Orca Trust's Choice of Counsel is Appropriate.

The PSLRA provides that "the most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." *Coopersmith*, 344 F. Supp. 2d 783, 793 (quoting 15 U.S.C. § 78u–4(a)(3)(B)(v)). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). The Orca Trust selected and retained Levi & Korsinsky to serve as Lead

Counsel for the Class. Levi & Korsinsky has extensive experience in successfully prosecuting complex securities class actions such as this one and is well-qualified to represent the Class. *See* Declaration re 20 Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel by Orca Trust dated May 29, 2018, Exhibit D- Levi & Korsinsky, LLP Firm Resume, Doc. No. 22-4. Thus, the Court should approve the Orca Trust's choice of counsel.

## CONCLUSION

For the foregoing reasons, the Orca Trust respectfully requests that the Court grant its Motion and enter an Order: (1) appointing the Orca Trust as Lead Plaintiff, (2) approving its selection of Levi & Korsinsky, LLP as Lead Counsel for the Class, and (3) granting such other relief as the Court may deem just and proper.

Dated: October 22, 2024

Respectfully Submitted,

*/s/ Shannon L. Hopkins*
Shannon L. Hopkins (BBO# 657485)
**LEVI & KORSINSKY, LLP**
1111 Summer Street, Suite 403
Stamford, Connecticut 06905
Tel. (203) 992-4523
Fax: (212) 363-7500
E-mail: shopkins@zlk.com

**LEVI & KORSINSKY, LLP**
Adam M. Apton
33 Whitehall Street, 17th Floor
New York, NY 10004
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Counsel for Movant the Orca Trust dated May 29, 2018 and Proposed Lead Counsel for the Class*

7

## <u>CERTIFICATE OF SERVICE</u>

I, Shannon L. Hopkins, certify that this document filed through the ECF system will be sent

electronically to the registered participants as identified on the Notice of Electronic Filing on October

22, 2024.

Dated: October 22, 2024                              */s/Shannon L. Hopkins*
                                                     Shannon L. Hopkins

8