## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASON WENTZ, Individually and on Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br>  v.<br><br>MODERNA, INC., STÉPHANE BANCEL, JAMES M. MOCK, and STEPHEN HOGE,<br><br>     Defendants. | Case No. 1:24-cv-12058-IT<br><br>**CLASS ACTION** |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION OF PAK SA KIM FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL, AND IN OPPOSITION TO COMPETING MOTIONS**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................................................1

ARGUMENT.................................................................................................................................3

I.      THE COURT SHOULD APPOINT KIM AS LEAD PLAINTIFF....................................3

        A.      Kim Has the Largest Financial Interest of Any Qualified Movant......................... 3

        B.      Kim Readily Satisfies the *Prima Facie* Rule 23 Requirements............................ 4

        C.      There is No Proof to Rebut the Strong Presumption in Favor of Kim ................... 5

II.     THE COMPETING MOTIONS MUST BE DENIED .......................................................5

        A.      Orca Is Facially Inadequate and Unqualified to Serve as Lead Plaintiff................ 6

CONCLUSION…………………………………………………………………………...…11

**TABLE OF AUTHORITIES**

*Page(s)*

*Cases*

*Bowling v. Johnson & Johnson,*
   No. 17-cv-3982 (AJN), 2019 WL 1760162 (S.D.N.Y. Apr. 22, 2019)........................................ 9

*Camp v. Qualcomm Inc.,*
   No. 18-cv-1208-AJB-BLM, 2019 WL 277360 (S.D. Cal. Jan. 22, 2019) ................................. 9

*CE Design Ltd. v. King Architectural Metals, Inc.,*
   637 F.3d 721 (7th Cir. 2011)................................................................................................... 9

*Chupa v. Armstrong Flooring, Inc.,*
   No. 2:19-CV-09840-CAS (MRWx), 2020 WL 1032420 (C.D. Cal. Mar. 2, 2020) .............. 7, 8

*Drake v. Morgan Stanley & Co.,*
   No. CV 09-6467 ODW (RCx), 2010 WL 2175819 (C.D. Cal. Apr. 30, 2010) ........................ 9

*Fosmire v. Progressive Max Ins. Co.,*
   277 F.R.D. 625 (W.D. Wash. 2011)......................................................................................... 9

*Garbowski v. Tokai Pharm., Inc.,*
   302 F. Supp. 3d 441 (D. Mass. 2018) ..................................................................................... 9

*In re Boeing Co. Aircraft Sec. Litig.,*
   No. 19 CV 2394, 2019 WL 6052399 (N.D. Ill. Nov. 15, 2019) ........................................ 2, 10

*In re Cavanaugh,*
   306 F.3d 726 (9th Cir. 2002).................................................................................................. 5

*Karnuth v. Rodale, Inc.,*
   No. Civ. A. 03-742, 2005 WL 747251 (E.D. Pa. Mar. 30, 2005) .............................................. 9

*Lundstrom v. Young,*
   No. 18-cv-2856-GPC, 2023 WL 1120867 (S.D. Cal. Jan. 27, 2023)..................................... 2, 7

*Rodriguez v. DraftKings Inc.,*
   No. 21 Civ. 5739 (PAE), 2021 WL 5282006 (S.D.N.Y. Nov. 12, 2021) ................................. 10

*Sneed v. AcelRx Pharms, Inc.,*
   No. 21-CV-04353-BLF, 2021 WL 5964596 (N.D. Cal. Dec. 16, 2021) ................................... 6

*Zemel Fam. Trust. v. Philips Int'l Realty Corp.,*
   205 F.R.D. 434 (S.D.N.Y. 2002).............................................................................. 2, 3, 6, 10

*Statutes*

15 U.S.C. §78u-4(a)(3)(B)(iii)(II)............................................................................................. 5

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ............................................................................................ 3

*Rules*

Fed. R. Civ. P. 23 .................................................................................................... passim

Pak Sa Kim ("Kim") respectfully submits this memorandum of law in further support of his motion for appointment as lead plaintiff and approval of his choice of lead counsel and in opposition to all competing motions.[1]

## PRELIMINARY STATEMENT

On October 8, 2024, four movants timely filed motions for appointment as Lead Plaintiff in this Action. An analysis of these motions shows that Kim has the largest financial interest of any qualified movant before the Court. Moreover, Kim satisfies *prima facie* adequacy and typicality under Fed. R. Civ. P. 23 ("Rule 23"). *See infra* at 4. Kim is 54 years old, lives in Pensacola, Florida, is a retired veteran of the United States Army, and has been investing for over 29 years. Kim has no conflicts of interest with the proposed Class, and chose Bernstein Liebhard LLP, an experienced law firm in securities class actions, as proposed Lead Counsel for the Class. *Id.* Accordingly, under the PSLRA, there is a "strong" presumption that Kim should be appointed Lead Plaintiff. Once the PSLRA's strong presumption attaches, only "proof" that Kim is somehow inadequate can rebut it. No such proof exists here. Thus, Kim's motion should be granted and all competing motions should be denied.

One other movant, Orca, claims to have a larger financial interest here than Kim, but Orca cannot satisfy its Rule 23 requirements and is profoundly inadequate to serve as a fiduciary for the proposed Class. Because it is not a qualified movant, Orca's motion must be denied. In its motion, Orca failed to disclose to the Court that its lone trustee, Mr. Brian Lundstrom, has a disturbing track record of engaging in vexatious litigation, acting in "bad faith", and making

---

[1] Competing motions were also timely filed by (i) Orca Trust Dated May 29, 2018 ("Orca") (ii) Joseph Pellegrene; and (iii) Stephen Feldman. *See* ECF Nos. 19, 20, 24. Pellegrene filed a notice of non-opposition to competing motions. *See* ECF No. 35. "Mot." refers to Kim's opening motion. *See* ECF No. 30. "Orca Mot." refers to Orca's opening memorandum. *See* ECF No. 21.

"misrepresentations" in federal court. *See infra* at 6-8.[2] These are precisely the qualities and characteristics that you ***do not*** want in a lead plaintiff, and particularly one responsible for managing a securities class action like this one, which alleges that the defendants here made material misrepresentations and omissions.

Underscoring the seriousness of his recent misconduct, the United States District Court for the Southern District of California chastised Mr. Lundstrom and ordered him to pay approximately $70,000 in attorneys' fees to his adversary in a securities-related case. *See infra* at 8 (citing *Lundstrom v. Young*, No. 18-cv-2856-GPC, 2023 WL 1120867, at *7 (S.D. Cal. Jan. 27, 2023)) ("*Lundstrom*").[3] Thus, Orca is facially and singularly inadequate to serve as a fiduciary for the proposed Class here. While Mr. Lundstrom alone bore the consequences of his recent misconduct in *Lundstrom*, the proposed Class here should not be forced to suffer the consequences of his past misconduct and/or any repeat offenses by him in this Action.

This Court is responsible for appointing a trustworthy and reliable representative capable of vigorously prosecuting this Action on behalf of the proposed Class. There are already serious red flags from a sister court that Orca is profoundly inadequate for this task, and the Court should take heed of them and excise this known problem now. *See*, *e.g.*, *In re Boeing Co. Aircraft Sec. Litig.*, No. 19 CV 2394, 2019 WL 6052399, at *7 (N.D. Ill. Nov. 15, 2019) (lead plaintiff movant

---

[2] Mr. Lundstrom signed Orca's PSLRA Certification, and as Orca's trustee he has full authority to act on Orca's behalf. *See* Orca Mot. at 10 ("Mr. Brian Lundstrom, as trustee of the Orca Trust dated May 29, 2018, is individually authorized to act on behalf of [Orca] in all respects, including this lawsuit"). Because Orca is merely an entity controlled by Mr. Lundstrom and cannot act independently, Mr. Lundstrom is essentially Orca for purposes of this motion, and his serious Rule 23 impediments disqualify Orca here. *See*, *e.g.*, *Zemel Fam. Trust. v. Philips Int'l Realty Corp.*, 205 F.R.D. 434, 437 (S.D.N.Y. 2002) (analyzing trustee's adequacy when determining trust's adequacy on class certification and denying trust's appointment).

[3] The *Lundstrom* decision is attached as Exhibit A to the Supplemental Declaration of Theodore Hess-Mahan in Further Support of Pak Sa Kim's Motion for Appointment as Lead Plaintiff and Approval of Counsel, And in Opposition to Competing Motions (the "Supp. Hess-Mahan Decl.").

2

with largest loss not entitled to presumptive status where opposing movants "raised so many red flags that the Court cannot in good conscience appoint them"). If the Court does not do so, this problem will inevitably grow and come back to haunt the proposed Class at class certification and potentially derail the entire case. *See Zemel Fam. Trust*, 205 F.R.D at 437 (trust appointed as lead plaintiff on unopposed motion; court denied class certification and found trust inadequate due to trustee's "lack of honesty and trustworthiness"). As common-sense dictates, courts routinely reject deeply problematic movants as representatives in class litigation, and for good reason the Court should do the same here with respect to Orca. *See infra* at 8.

 In stark contrast to Orca, Kim, the movant with the next largest losses, has no such impediments and would make an excellent Lead Plaintiff for the proposed Class here.

For these reasons, Kim's motion for appointment as Lead Plaintiff and approval of Lead and Liaison Counsel should be granted and all competing motions should be denied.

## ARGUMENT

### I.  THE COURT SHOULD APPOINT KIM AS LEAD PLAINTIFF

Under the PSLRA, a "strong" presumption in favor of being appointed Lead Plaintiff goes to the movant who suffered the largest financial interest and satisfies Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Here, that movant is Kim because he has the largest financial interest of qualified movants and readily satisfies the *prima facie* Rule 23 requirements.  In addition, no proof exists here to rebut the strong presumption in his favor.

### A.  Kim Has the Largest Financial Interest of Any Qualified Movant

Kim has a financial interest of over $95,551, which is the largest financial interest of any qualified movant before the Court. Indeed, Kim's financial interest is over $36,000 greater than that of Pellegrene and over $87,000 greater than that of Feldman:

| Movant | LIFO LOSS |
|---|---|
| **Pak Sa Kim** | **($95,551.52)** |
| ~~Joseph Pellegrene~~ | ~~($59,074.45)~~ |
| **Stephen Feldman** | **($8,295.00)** |
| ~~Orca Trust~~ | ~~($811,944.00)~~ |

One other movant, Orca, claims to have a larger financial interest than Kim (which Kim does not dispute), but as discussed *infra*, Orca cannot satisfy its *prima facie* Rule 23 requirements. Orca's Rule 23 impediments not only prevent Orca from securing the PSLRA's presumption but decisively disqualify Orca from being appointed Lead Plaintiff. *See infra* at 6-9.

**B.    Kim Readily Satisfies the *Prima Facie* Rule 23 Requirements**

In addition to having the largest financial interest of any qualified movant, Kim has made the requisite *prima facie* showing of typicality and adequacy under Rule 23.

Kim is typical of other Class members because he bought Moderna securities during the Class Period and was harmed by the same alleged misstatements and omissions as other Class members.  Kim's claims are also typical of the Class in that he suffered the same injuries as a result of the same, or substantially the same, course of conduct by the named defendants, and bases his claims on the same, or substantially the same, legal theories as the Class. *See* Mot. at 5.

Unlike Orca, Kim readily meets the PSLRA's *prima facie* adequacy requirements.  Kim provided sufficient background information about himself in his opening brief, including that he is 54 years old, lives in Pensacola, Florida and is a retired veteran of the United States Army. *See id*. at 1. Kim was a tank officer and retired as a warrant officer – a highly specialized Army

4

professional and organizational leader.[4] Such leadership skills will stand Kim in good stead for serving as Lead Plaintiff.  In addition, Kim has been investing for more than 29 years. *Id*.

Kim also has no conflicts of interest with other Class members. To the contrary, having the largest financial interest of any qualified movant will ensure that Kim vigorously prosecutes this Action to maximize a recovery for the proposed Class.  Kim has also selected qualified and experienced counsel for the proposed Class.  *See id*. at 7. Thus, Kim satisfies the *prima facie* Rule 23 requirements, and is entitled to the PSLRA's "strong" presumption of being the most adequate plaintiff to represent the proposed Class.  *See id.*

### C.       There is No Proof to Rebut the Strong Presumption in Favor of Kim

The only way for competing movants to rebut the PSLRA's "strong" presumption in favor of appointing Kim as Lead Plaintiff is to present actual "proof", not mere speculation, that Kim somehow does not satisfy Rule 23.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).  There is no proof of any Rule 23 impediment against Kim here.  Moreover, the lead plaintiff process is not a "beauty contest" – the qualified movant with the largest financial interest (here, Kim) is the most adequate plaintiff, period.  *See*, *e.g.*, *In re Cavanaugh*, 306 F.3d 726, 729-34 (9th Cir. 2002) (once a court determines which plaintiff has the largest stake, the court must appoint that plaintiff as lead unless it finds that he does not satisfy the typicality or adequacy requirements).

### II. THE COMPETING MOTIONS MUST BE DENIED

As discussed above, Kim has the largest financial interest of any qualified movant before the Court, he handily satisfies his *prima facie* Rule 23 requirements, and there is no proof to

---

[4] "The warrant officer is the highly specialized expert and trainer who, by gaining progressive levels of expertise and leadership, operates, maintains, administers, and manages the Army's equipment, support activities, or technical systems for an entire career." https://warrantofficerhistory.org/ArmyWOdefined.htm.

rebut the strong presumption in his favor. Thus, Kim should be appointed Lead Plaintiff, and all competing motions should be denied.

### A. Orca Is Facially Inadequate and Unqualified to Serve as Lead Plaintiff

Orca claims to have the largest financial interest of any movant before the Court, which Kim does not challenge. However, it is black letter law that financial interest alone is not enough to carry the day – a lead plaintiff movant must also satisfy Rule 23's adequacy and typicality requirements, which Orca cannot do here. This is fatal to Orca's motion and, as a result, Orca is not a qualified candidate that can seriously be considered by the Court.

It is common sense that a lead plaintiff movant that another federal court has already found to have acted in bad faith, argued untruthfully, made misrepresentations, and wasted judicial resources with baseless litigation is profoundly unfit to serve in a position of trust and to represent other class members in litigation. That is precisely the case with Orca here as another federal court recently made ***all*** of these disqualifying findings against Mr. Lundstrom, Orca's trustee, and ordered him to pay approximately $70,000 in attorneys' fees to his adversary.[5] Accordingly, Orca – who did not even bother to disclose these serious findings, let alone explain them – is not a qualified movant and its motion must be denied.[6]

---

[5] As noted *supra*, because Orca is merely a legal entity controlled by Mr. Lundstrom that cannot act independently, Mr. Lundstrom's glaring Rule 23 impediments render Orca unable to meet its Rule 23 requirements. *See* Orca Mot. at 10 ("Mr. Brian Lundstrom, as trustee of the Orca Trust dated May 29, 2018, is individually authorized to act on behalf of [Orca] in all respects, including this lawsuit"); Orca Mot. Ex. A (Orca Certification signed by "Brian Lundstrom, Trustee"). *Cf. Zemel Fam. Tr.,* 205 F.R.D. 434 (disqualifying Lead Plaintiff Zemel Family Trust based on trustee's adequacy).

[6] *See, e.g., Sneed v. AcelRx Pharms, Inc.*, No. 21-CV-04353-BLF, 2021 WL 5964596, at *4 (N.D. Cal. Dec. 16, 2021) (denying motion to appoint lead plaintiff where movant had a past of financial misconduct that he "did not disclose [] in his own motion"). Additionally, any attempt by Orca to belatedly submit additional evidence to salvage its motion should be denied. Orca had its chance to meet its *prima facie* Rule 23 requirements in its opening motion and failed.

In *Lundstrom v. Young*, an ERISA-related case concerning securities brought by Mr. Lundstrom, the United States District Court for the Southern District of California found, among other things, that "[a]lthough bad faith is not proven simply because Lundstrom did not succeed on his claims against Young, ***there is evidence this litigation was commenced and carried out in bad faith.***" 2023 WL 1120867, at *4 (Supp. Hess-Mahan Decl. Exhibit A). For obvious reasons, the Court here should not even consider a movant with a proven track record of commencing and litigating cases in bad faith. The court in *Lundstrom* further noted that "[a]t their core, all of [Plaintiff's] claims against Defendant Young were that Young 'is in wrongful possession of [Plaintiff's] assets for reasons including that [] Plaintiff lacked notice and therefore due process as to the signing of [court] orders'". *Id*.

Notably, the court found Mr. Lundstrom's arguments to be categorically false: "It is not true, as Plaintiff argues, that he [received no notice of court orders]… He cannot continue to argue that he lacked complete notice." *Id*. at *4. It goes without saying that a movant that made untruthful statements in federal court, and was taken to task for having done so, should not be charged with prosecuting an action like this one that alleges that the defendants made material misrepresentations and omissions to shareholders. *See Chupa v. Armstrong Flooring, Inc.*, No. 2:19-CV-09840-CAS (MRWx), 2020 WL 1032420, at *3 (C.D. Cal. Mar. 2, 2020) (explaining that courts will deny a lead plaintiff motion when prior misconduct is "related to the claims they seek to prosecute on behalf of the proposed class" but appointing as lead plaintiff movant with a single disclosed and unrelated infraction that had taken place 20 years prior).

Also significant here, the *Lundstrom* court further chastised Mr. Lundstrom for continuing to make groundless arguments at "great expense to judicial resources" as he had already "raised [his arguments] in Texas courts, and [they] were consistently rejected." *Id*. In

light of the foregoing, the court awarded attorneys' fees to Mr. Lundstrom's opponent, explicitly finding that Mr. Lundstrom had "made misrepresentations before this court":

> Plaintiff's relentless litigation on matters decided by Texas state courts **and his inadvertent, or perhaps intentional, misrepresentations before this Court** weigh in favor of awarding Defendant Young attorneys' fees…For the reasons stated above, the Court GRANTS Defendant Young's Motion for Attorneys' Fees in the amount of $67,617.10 and costs in the amount of $1,246.58.

*Id*. at \*\*4, 7. Complex securities class actions such as this one inherently have procedural qualities that make their timelines relatively long. It goes without saying that appointing a movant like Orca that has a demonstrated history of engaging in vexatious litigation would only risk further frustrating the timeline here and needlessly wasting judicial resources.

To make matters even worse, a Texas state court in proceedings related to the *Lundstrom* case noted that "Brian Lundstrom, although duly notified of today's hearing, failed to appear and is made default as to of all the motions presented here today[.]". *See In the Interest of Lundstrom*, No. 233-515485-12 (231 Jud. Dis. Tarrant Cnty., Tx.  Mar. 22, 2017) (transcript at 31:2-3) (Supp. Hess-Mahan Decl. Ex. B).  The Court cannot risk appointing a movant that so brazenly failed to show up for a hearing, particularly when not doing so in this Action would come at a great cost to the proposed Class.

In sum, Mr. Lundstrom has shown that Orca, which he controls, is precisely the kind of Lead Plaintiff that **the Class does not want** and cannot afford to have.  If appointed as Lead Plaintiff here, Orca would be a tremendous liability to the proposed Class. Orca would be responsible for litigating a case alleging misrepresentations – when a federal court found Mr. Lundstrom made misrepresentations and acted in bad faith. *See Chupa*, 2020 WL 1032420, at \*3 (C.D. Cal. Mar. 2, 2020). Orca would be responsible for all absent Class members – when Mr. Lundstrom has already demonstrated that he is willing to carelessly blow off scheduled court hearings. And Orca would be responsible for litigating a complex securities class action – which

8

usually take years – when a federal court found that Mr. Lundstrom engaged in vexatious litigation and wasted judicial resources. Orca's motion therefore must be denied.

Courts, including in this District, have repeatedly refused to appoint deeply problematic movants like Orca who are untrustworthy as lead plaintiffs or class representatives. For example, in *Garbowski v. Tokai Pharm., Inc*., 302 F. Supp. 3d 441, 455 (D. Mass. 2018), a proposed lead plaintiff signed a certification under oath, stating he had "reviewed the complaint and authorized its filing". *Id*. This movant later testified that "he did not read anything before signing the Certification under oath except something on a website that instructed him that he had to sign the document 'in order to go forward with the class action lawsuit.'" *Id.* Thus, the court denied this movant's lead plaintiff motion because, among other things, "willingness to make false statements under oath [shows] he would not have been an adequate lead plaintiff." *Id*. *See also Camp v. Qualcomm Inc*., No. 18-cv-1208-AJB-BLM, 2019 WL 277360, at *3 (S.D. Cal. Jan. 22, 2019) (court denied lead plaintiff motion of movant who "made false statements under oath"). As in *Garbowski* and *Camp*, Mr. Lundstrom's misrepresentations to the court (and other wrongdoing) preclude appointing Orca as Lead Plaintiff here.[7]

---

[7] *Cf. CE Design Ltd. v. King Architectural Metals, Inc*., 637 F.3d 721, 727 (7th Cir. 2011) (vacating district court's granting of class certification as "[t]he record raises serious doubts concerning the truthfulness of Pezl's testimony"); *Bowling v. Johnson & Johnson*, No. 17-cv-3982 (AJN), 2019 WL 1760162, at *6 (S.D.N.Y. Apr. 22, 2019) (denying motion for class certification and finding proposed class representative "would not be [] adequate [] in light of [her] substantial credibility issues"); *Karnuth v. Rodale, Inc.*, No. Civ. A. 03-742, 2005 WL 747251, at *4 (E.D. Pa. Mar. 30, 2005) (rejecting class representative who "brought [a] lawsuit [] and based it on allegations he should have known were, at best, misleading"); *Drake v. Morgan Stanley & Co.,* No. CV 09-6467 ODW (RCx), 2010 WL 2175819, at *5 (C.D. Cal. Apr. 30, 2010) (proposed class representatives rejected due to, *inter alia*, "lack of credibility"); *Fosmire v. Progressive Max Ins. Co.*, 277 F.R.D. 625, 633 (W.D. Wash. 2011) ("the court is concerned that litigation concerning" plaintiff's alleged "material misrepresentation…will preoccupy Ms. Fosmire to the detriment of class claims…"). Findings on Rule 23 typicality and adequacy on class certification motions are relevant to lead plaintiff motions because the same Rule 23 provisions are at issue. To say the least, Mr. Lundstrom has "substantial credibility issues" (*Bowling*, 2019 WL 1760162, at *6) and, indeed, a profound "lack of credibility" (*Drake*, 2010

*Zemel Family Trust* is also highly instructive here as the court there found a lead plaintiff trust inadequate to represent a proposed class due to the inadequacy of its trustee. In *Zemel Family Trust*, the court appointed the Zemel Family Trust – whose motion was unopposed – as lead plaintiff. *Id.*, 205 F.R.D. at 435 (S.D.N.Y. 2002). Later, the court denied class certification because it found the Zemel Family Trust to be inadequate due to the lack of "honesty and trustworthiness" of its trustee. *Id.* The case was ultimately voluntarily dismissed. *See The Zemel Family v. Phillips Intl Realty, et al,* 1:00cv07438 (S.D.N.Y.) (Dkt. No. 87). While the trust in *Zemel Family Trust* was not vetted by other movants at the lead plaintiff stage, and thus the court there could not address the problem with the trust at the outset of the litigation, this Court can avoid such a situation here and protect the Class by not appointing Orca.

Orca has not come close to meeting its *prima facie* adequacy requirement. With an eminently qualified movant like Kim ready, willing, and able to serve as Lead Plaintiff here, there is no reason for the Court to gamble on a facially inadequate movant like Orca at the expense of the proposed Class.[8]

Accordingly, Orca's motion should be denied in its entirety.

---

WL 2175819, at *5) as a federal court has made more egregious findings than credibility issues – it explicitly found Mr. Lundstrom acted in bad faith, made misrepresentations to the court, and wasted court resources with arguments that had been rejected. And Mr. Lundstrom pursued vexatious litigation by bringing a "lawsuit [] and bas[ing] it on allegations he should have known were, at best, misleading". *Karnuth*, 2005 WL 747251, at *4.

[8] *See*, *e.g.*, *In re Boeing Co*, 2019 WL 6052399, at *7; *Rodriguez v. DraftKings Inc.,* No. 21 Civ. 5739 (PAE), 2021 WL 5282006, at *10 (S.D.N.Y. Nov. 12, 2021).

**CONCLUSION**

For the foregoing reasons and those given in his opening motion, Kim respectfully requests that this Court: (1) appoint him as Lead Plaintiff; and (2) approve his selection of Bernstein Liebhard as Lead Counsel and Hutchins Barsamian Mandelcorn as Liaison Counsel for the proposed Class.

Dated: October 22, 2024                      Respectfully submitted,

**HUTCHINGS BARSAMIAN
MANDELCORN, LLP**

/s/ Theodore M. Hess-Mahan
Theodore M. Hess-Mahan (BBO #557109)
110 Cedar Street, Suite 250
Wellesley Hills, MA 02481
Telephone: (781) 431-2231
Facsimile: (781) 431-8726
thess-mahan@hutchingsbarsamian.com

*Local Counsel for Pak Sa Kim and Proposed
Local Counsel for the Proposed Class*

**BERNSTEIN LIEBHARD LLP**
Laurence J. Hasson
Joseph R. Seidman, Jr.
Jeffrey McEachern
10 East 40th Street
New York, NY 10016
Telephone: (212) 779-1414
Facsimile: (212) 779-3218
Email:  lhasson@bernlieb.com
         seidman@bernlieb.com
         jmcceachern@bernlieb.com

*Counsel for Pak Sa Kim and Proposed Lead
Counsel for the Proposed Class*

11

**CERTIFICATE OF SERVICE**

I hereby certify that on October 22, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing to all counsel of record.

Dated: October 22, 2024

/s/ Theodore M. Hess-Mahan
Theodore M. Hess-Mahan (BBO #557109)
HUTCHINGS BARSAMIAN MANDELCORN, LLP
110 Cedar Street, Suite 250
Wellesley Hills, MA 02481
Telephone: (781) 431-2231
Facsimile: (781) 431-8726
thess-mahan@hutchingsbarsamian.com

12