**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MASON WENTZ, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MODERNA, INC., STÉPHANE BANCEL, JAMES M. MOCK, and STEPHEN HOGE,<br><br>Defendants. | Case No.: 1:24-cv-12058-IT<br><br>CLASS ACTION |

**UNOPPOSED MOTION FOR LEAVE TO FILE BRIEF**
**BY THE ORCA TRUST DATED MAY 29, 2018 IN REPLY AND FURTHER SUPPORT**
**OF MOTION FOR LEAD PLAINTIFF AND SELECTION OF COUNSEL**

Pursuant to Local Rule 7.1(b)(3) and with the consent of Movant Pak Sa Kim ("Mr. Kim"), the Orca Trust dated May 29, 2018's (the "Orca Trust") hereby respectfully requests leave to file a Reply to Mr. Kim's Reply in Further Support of His Motion to Appoint Lead Plaintiff and Approve Lead Counsel. On October 22, 2024, Mr. Kim filed a memorandum in opposition to the appointment of the Orca Trust as lead plaintiff ("Kim Opposition Brief"). Doc. No. 37. In the Kim Opposition Brief, Mr. Kim raised a new argument for the first time that had not been previously raised in his opening brief filed on October 8, 2024 (Doc. No. 29), that the Orca Trust should not be allowed to serve as lead plaintiff because its trustee, Brian Lundstrom ("Mr. Lundstrom"), was involved in previous litigation relating to his divorce.  Pursuant to this new argument, Mr. Kim argues that the Orca Trust's motion should be denied in its entirety. The Orca Trust disputes this argument.

The Orca Trust is entitled to the statutory presumption of lead plaintiff. 15 U.S.C. §78u-4(a)(3)(B)(iii). Mr. Kim acknowledges in his opposition brief that there is no dispute that the Orca Trust is the movant with the "largest financial interest" in the outcome of the litigation. Doc. No. 37 at p. 6. The Orca Trust also made the required preliminary *prima facie* showing in satisfaction of the typicality and adequacy requirements of Rule 23. Yet Mr. Kim argues that litigation arising from Mr. Lundstrom's divorce in Texas and California renders the Orca Trust unsuitable to serve as the lead plaintiff in this action. Mr. Kim's argument is unsupported by the case law on this issue because Mr. Lundstrom's divorce proceedings do not bear on the Orca Trust's adequacy, let alone amount to the "proof" necessary to rebut the lead plaintiff presumption.

Therefore, the Orca Trust respectfully submits that additional briefing will assist the Court in considering the issues presented by the Orca Trust's Motion for: (1) Appointment as Lead Plaintiff; and (2) Approval of Lead Counsel (Doc. No. 20) and Mr. Kim's Opposition Brief.

WHEREFORE, the Orca Trust request leave to file a Reply, not to exceed five (5) pages.

A copy of the Orca Trust's Proposed Reply Brief is attached as **Exhibit A** hereto.

Dated: October 29, 2024

Respectfully Submitted,

*/s/ Shannon L. Hopkins*
Shannon L. Hopkins (BBO# 657485)
**LEVI & KORSINSKY, LLP**
1111 Summer Street, Suite 403
Stamford, Connecticut 06905
Tel. (203) 992-4523
Fax: (212) 363-7500
E-mail: shopkins@zlk.com

**LEVI & KORSINSKY, LLP**
Adam M. Apton
33 Whitehall Street, 17th Floor
New York, NY 10004
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Counsel for Movant the Orca Trust dated May 29, 2018 and Proposed Lead Counsel for the Class*

## CERTIFICATE OF SERVICE

I, Shannon L. Hopkins, certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on October 29, 2024.

Dated: October 29, 2024                              /s/Shannon L. Hopkins
                                                     Shannon L. Hopkins