**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| MASON WENTZ, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MODERNA, INC., STÉPHANE BANCEL, JAMES M. MOCK, and STEPHEN HOGE,<br><br>Defendants. | Case No.: 1:24-cv-12058-IT<br><br>CLASS ACTION |

**THE ORCA TRUST DATED MAY 29, 2018'S BRIEF IN REPLY AND FURTHER SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT ............................................................................................................................... 2

    I.      Mr. Kim Fails to Provide "Proof" that the Orca Trust Cannot Adequately
            Represent the Interests of the Class. ...................................................................... 2

CONCLUSION............................................................................................................................. 5

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Cendant Corp.*,
264 F.3d 201 (3d Cir. 2001).............................................................................................. 3

*Chupa v. Armstrong Flooring, Inc.*,
No. 2:19-CV-09840-CAS (MRWx), 2020 U.S. Dist. LEXIS 36506 (C.D. Cal. Mar. 2,
2020) ................................................................................................................................... 1

*Constance Sczesny Trust v. KPMG LLP*,
223 F.R.D. 319 (S.D.N.Y. 2004) ....................................................................................... 3

*Farooq Khan v. Chargepoint Holdings, Inc.*,
No. 23-cv-06172-PCP, 2024 U.S. Dist. LEXIS 88645 (N.D. Cal. May 16, 2024) .................. 4

*Hackel v. AVEO Pharms., Inc.*,
No. 19-cv-10783-ADB, 2019 WL 1992556 (D. Mass. May 6, 2019)..................................... 1

*Lundstrom v. Young*,
No. 18-cv-2856-GPC, 2023 WL 1120867 (S.D. Cal. Jan. 27, 2023) ....................................... 4

*Medoff v. CVS Caremark Corp.*,
No. 09-cv-554-JNL, 2016 WL 632238 (D.R.I. Feb. 17, 2016) ................................................ 2

*Montoya v. Herley Indus. Inc.*,
No. 06-2596, 2006 WL 3337485 (E.D. Pa. Nov. 14, 2006) ..................................................... 3

*In re Nexium Antitrust Litig.*,
777 F.3d 9 (1st Cir. 2015)..................................................................................................... 2

*OFI Risk Arbitrages v. Cooper Tire & Rubber Co.*,
63 F. Supp. 3d 394 (D. Del. 2014)..................................................................................... 2, 3

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*,
229 F.R.D. 395 (S.D.N.Y. 2004) ......................................................................................... 3

*In re SemGroup Energy Partners, L.P. Sec. Litig.*,
No. 08-cv-425-GKF-PJC, 2008 U.S. Dist. LEXIS 87218 (N.D. Okla. Oct. 27, 2008)............ 3

*State Univs. Ret. Sys. of Illinois v. Sonus Networks, Inc.*,
No. 06-cv-10040-MLW, 2006 WL 38274413 (D. Mass. Dec. 27, 2006) ............................ 2, 3

*Strougo v. Brantley Capital Corp.*,
243 F.R.D. 100 (S.D.N.Y. 2007) ......................................................................................... 3

**Statutes**

15 U.S.C. § 78u-4 ................................................................................................................... 1, 2

**Other Authorities**

*Newberg on Class Actions*
    § 3.68 (5th ed. 2019) ........................................................................................................ 3

## PRELIMINARY STATEMENT

Movant Orca Trust dated May 29, 2018 (the "Orca Trust") possesses the "largest financial interest" in the outcome of this action with losses in excess of $800,000. It has also made the required preliminary *prima facie* showing in satisfaction of the typicality and adequacy requirements of Rule 23. *See Hackel v. AVEO Pharms., Inc.*, No. 19-cv-10783-ADB, 2019 WL 1992556, at *2 (D. Mass. May 6, 2019) (noting that a movant "need only make a *prima facie* showing of typicality and adequacy" to satisfy Rule 23's requirements). As the movant with the largest financial interest who also satisfies the typicality and adequacy requirements of Rule 23, the Orca Trust is entitled to the statutory presumption of lead plaintiff. *See* 15 U.S.C. § 78u-4(B)(iii)(i).

Only one competing movant has attempted to rebut the Orca Trust's statutory presumption in opposition to its motion. This movant, Pak Sa Kim ("Mr. Kim"), argues that the Orca Trust's trustee, Brian Lundstrom, should be precluded from participating in the litigation because of his involvement in litigation relating to his divorce in Texas and California. Mr. Kim's argument is unsupported by the case law on this issue. Divorce proceedings do not qualify as "proof" of inadequacy unless it bears directly on the movant's credibility by confirmed examples of past dishonesty, such as fraud. *Chupa v. Armstrong Flooring, Inc.*, No. 2:19-CV-09840-CAS (MRWx), 2020 U.S. Dist. LEXIS 36506, at *8-9 (C.D. Cal. Mar. 2, 2020). Mr. Kim is grasping at straws and looking to leverage unrelated and irrelevant proceedings in hopes of claiming the lead plaintiff and lead counsel roles. Mr. Lundstrom's divorce does not in any way, shape, or form give rise to the sort of unique defense that disqualifies an otherwise perfectly able and motivated investor from serving as a representative in a class action lawsuit.

When stripped away of the hyperbole and speculation, Mr. Kim's argument clearly falls short of the actual "proof" required to rebut the statutory presumption presently in the Orca Trust's favor. *OFI Risk Arbitrages v. Cooper Tire & Rubber Co.*, 63 F. Supp. 3d 394, 403 (D. Del. 2014) ("The [competing movant] must produce more than speculation to rebut the presumption . . . . Mere speculation about a unique defense does not meet this standard."); *cf. Medoff v. CVS Caremark Corp.*, No. 09-cv-554-JNL, 2016 WL 632238, at *3 (D.R.I. Feb. 17, 2016) (*citing In re Nexium Antitrust Litig.*, 777 F.3d 9, 21 (1st Cir. 2015)) ("[S]peculative or hypothetical conflicts do not defeat Rule 23's adequacy requirement."). The Court should disregard these arguments and grant the Orca Trust's motion.

## ARGUMENT

### I.    Mr. Kim Fails to Provide "Proof" that the Orca Trust Cannot Adequately Represent the Interests of the Class.

The Orca Trust's preliminary showing of both the largest loss and satisfaction of Rule 23 entitles it to the presumption of "most adequate plaintiff." 15 U.S.C. § 78u-4(B)(iii)(i). To overcome the strong presumption entitling the Orca Trust to appointment as Lead Plaintiff, the PSLRA requires "proof" by a class member that the Orca Trust "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C § 78u-4(a)(3)(B)(iii)(II). The Orca Trust "must be appointed lead plaintiff," unless Mr. Kim rebuts the presumption that it is the most adequate plaintiff. *State Univs. Ret. Sys. of Illinois v. Sonus Networks, Inc.,* No. 06-cv-10040-MLW, 2006 WL 3827441, at *3 (D. Mass. Dec. 27, 2006). "At this point in the analysis, 'the question is not whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff; instead, the question is whether anyone can prove that the

2

presumptive lead plaintiff will not do a fair[ ] and adequate[ ] job.'" *Id*. (quoting *In re Cendant Corp.*, 264 F.3d 201, 268 (3d Cir. 2001)). This is a statutory requirement and, in practice, requires a significant proffer of evidence. *See In re SemGroup Energy Partners, L.P. Sec. Litig.*, No. 08-cv-425-GKF-PJC, 2008 U.S. Dist. LEXIS 87218, at *7-8 (N.D. Okla. Oct. 27, 2008) (explaining that the standard for rebutting a presumption in favor of lead plaintiff requires an opposing party to ***present evidence, not just argument***, demonstrating how a presumed lead plaintiff is atypical or subject to a unique defense. "Mere innuendo and inferences will not suffice").[1]

Contrary to Mr. Kim's assertions in his opposition brief, Mr. Lundstrom's divorce proceedings are not the type of background information that would disqualify a potential lead plaintiff. "Most courts have rejected the contention that a proposed representative is inadequate because of prior unrelated unsavory, unethical, or even illegal conduct." *Newberg on Class Actions* § 3.68 (5th ed. 2019) (collecting cases). Unproven allegations of fraud that have since been settled do not render an investor unfit to represent the class. *See e.g., Montoya v. Herley Indus. Inc.*, No. 06-2596, 2006 WL 3337485, at *2 (E.D. Pa. Nov. 14, 2006) (rejecting challenge to lead plaintiff movant based on civil SEC charges that were settled without any judicial finding of wrongdoing); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 416 (S.D.N.Y. 2004) (rejecting a challenge to a lead plaintiff movant on the grounds that the movants'

---

[1] *See also OFI Risk Arbitrages v. Cooper Tire & Rubber Co.*, 63 F. Supp. 3d 394, 402, 407 (D. Del. 2014) (the PSLRA requires opposing movants to provide "***actual proof***" to rebut the lead plaintiff presumption, not mere assertions) (citing *In re Cendant Corp. Litig.*, 264 F.3d 201, 269 (3d Cir. 2001)) (emphasis added); *Strougo v. Brantley Capital Corp.*, 243 F.R.D. 100, 105 (S.D.N.Y. 2007) ("***Speculation and conjecture*** from one interested party ***is not enough*** to prove a nefarious collaboration.") (emphasis added); *Constance Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 324–25 (S.D.N.Y. 2004) ("[C]onclusory assertions of inadequacy are, however, insufficient to rebut the statutory presumption under the PSLRA without specific support in evidence of the existence of an actual or potential conflict of interest or a defense to which [the potential lead plaintiff] would be uniquely subject.").

principal had been censured by the Chicago Mercantile Exchange for rules violations and where principal had neither admitted nor denied the violations).

In addition, the *Lundstrom v. Young* case cited in Mr. Kim's opposition is rather misleading. Although the *Lundstrom* case involves securities, it is not a securities fraud case. As the court so perfectly surmised, that case centered around "ex-spouses who have been involved [in] a contentious dissolution and child support proceedings". *Lundstrom v. Young*, No. 18-cv-2856-GPC, 2023 WL 1120867, at *5 (S.D. Cal. Jan. 27, 2023). Mr. Lundstrom should not be disqualified from serving as lead plaintiff over a private family matter that was resolved, and it certainly does not rise to the level of a "demonstrated history of engaging in vexatious litigation" as Mr. Kim suggests. *See* Doc. No. 37 at p. 8.

The *Chargepoint* case is particularly instructive here. In that case, the movant with the second largest financial interest, Mr. Pignataro, unsuccessfully argued that the movants with the largest financial interest, the Afshanis, were inadequate due to Mr. Afshani's "history of fraudulent and deceptive conduct based on past litigation". *Farooq Khan v. Chargepoint Holdings, Inc.*, No. 23-cv-06172-PCP, 2024 U.S. Dist. LEXIS 88645, at *12 (N.D. Cal. May 16, 2024). Like Mr. Pignataro in *Chargepoint*, Mr. Kim is unsuccessfully exaggerating the extent of Mr. Lundstrom's litigation history. As the *Chargepoint* court reasoned, "Mr. Pignataro's allegations are inadequate to establish that the Afshanis cannot adequately represent the class. Not only are his allegations of Mr. Afshani's prior conduct unsubstantiated and lacking in factual detail, but both cases also settled without any determination of Mr. Afshani's liability or wrongdoing." *Chargepoint Holdings, Inc.*, 2024 U.S. Dist. LEXIS 88645, at *13. Accordingly, Mr. Kim's speculative assertions that Mr. Lundstrom fails to satisfy the adequacy requirement falls short of the high standard of "proof" required to defeat the Orca Trust's motion.

**CONCLUSION**

For the foregoing reasons, the Orca Trust respectfully requests that the Court grant its Motion and enter an Order: (1) appointing the Orca Trust as Lead Plaintiff, (2) approving its selection of Levi & Korsinsky, LLP as Lead Counsel for the Class, and (3) granting such other relief as the Court may deem just and proper.

Dated: October 29, 2024

Respectfully Submitted,

*/s/ Shannon L. Hopkins*
Shannon L. Hopkins (BBO# 657485)
**LEVI & KORSINSKY, LLP**
1111 Summer Street, Suite 403
Stamford, Connecticut 06905
Tel. (203) 992-4523
Fax: (212) 363-7500
E-mail: shopkins@zlk.com

**LEVI & KORSINSKY, LLP**
Adam M. Apton
33 Whitehall Street, 17th Floor
New York, NY 10004
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Counsel for the Orca Trust dated May 29, 2018 and Proposed Lead Counsel for the Class*

5

## CERTIFICATE OF SERVICE

I, Shannon L. Hopkins, certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on October 29, 2024.

Dated: October 29, 2024

/s/Shannon L. Hopkins
Shannon L. Hopkins