UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASON WENTZ, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> MODERNA, INC., STÉPHANE BANCEL, JAMES M. MOCK, and STEPHEN HOGE, <br><br> Defendants. | Case No. 1:24-cv-12058-IT <br><br> **CLASS ACTION** |

**SUR-REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION OF PAK SA KIM FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL, AND IN OPPOSITION TO COMPETING MOTIONS**
<u>**LEAVE TO FILE GRANTED ON NOVEMBER 7, 2024**</u>

Pak Sa Kim ("Kim") respectfully submits this (proposed) sur-reply to briefly address the new arguments raised by Orca in its (proposed) reply (the "Reply").[1] Orca, the only other remaining lead plaintiff movant before the Court, consented to Kim's request for leave to file this (proposed) sur-reply.

Orca's Reply further confirms that this Court cannot appoint Orca as Lead Plaintiff in this Action. Orca does not dispute that Mr. Lundstrom's Rule 23 impediments are Orca's Rule 23 impediments for purposes of this motion. Nor does Orca dispute that a federal court recently found that Mr. Lundstrom acted in "bad faith", made "misrepresentations", and engaged in "vexatious litigation", and relatedly, that a state court also recently chastised Mr. Lundstrom for failing to show up for his own scheduled court hearing. Opp. 6-8. Instead, Orca wildly argues that these courts' findings – which evidence a troubling pattern of deceitful and disrespectful conduct in legal proceedings – do not matter. Orca is fundamentally wrong. This Court cannot ignore that Orca is profoundly inadequate to serve as a fiduciary for the proposed Class here.

In its Reply, Orca also improperly presents itself to the Court as the presumptive Lead Plaintiff, but the PSLRA's "strong" presumption only attaches to the movant that suffers the largest financial interest *and* satisfies the *prima facie* Rule 23 requirements. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). As detailed in Kim's opposition, Orca did not satisfy its *prima facie* Rule 23 requirements. Opp. 6-10. Moreover, Orca cannot satisfy its Rule 23 requirements by blatantly failing to disclose to the Court that both federal and state courts recently made significant adverse findings about Mr. Lundstrom's honesty, credibility, and conduct, which fatally undermine Orca's motion. *Id*. 7-8. Thus, Kim is the presumptive Lead Plaintiff here, not Orca, and no movant has even attempted to challenge Kim's adequacy and typicality.

---

[1] "Opp." refers to Kim's opposition (ECF No. 37). Otherwise undefined terms are defined in Kim's opposition.

But even if the Court somehow finds that Orca is entitled to the PSLRA's presumption, which it should not do, Orca must still be disqualified as a movant because Kim has presented the Court with abundant proof (from a federal court no less) to rebut any such presumption. In its Reply, Orca desperately tries to downplay this evidence as mere speculation, but Orca cannot rewrite the *Lundstrom* court's order. In the federal court's own words, "***there is evidence*** this litigation [*Lundstrom*] was commenced and carried out in ***bad faith*** [by Mr. Lundstrom]". Opp. 7. Moreover, the federal court unambiguously found that Mr. Lundstrom made categorically false statements to the court: "It is not true, as Plaintiff argues, that he [received no notice of court orders]… He cannot continue to argue that he lacked complete notice." *Id*. Thus, Orca's efforts to escape these adverse findings are unavailing. Mr. Lundstrom has exhibited precisely the qualities and characteristics that this Court must avoid in selecting a Lead Plaintiff, and particularly one responsible for managing a securities class action alleging that defendants made material misrepresentations and omissions. *See* Opp. 7; *Chupa v. Armstrong Flooring, Inc*., No. 2:19-CV-09840-CAS (MRWx), 2020 WL 1032420, at *3 (C.D. Cal. Mar. 2, 2020). Thus, any way the Court analyzes this motion, Orca must be disqualified.

Orca also absurdly argues that since the *Lundstrom* court chastised Mr. Lundstrom in a matter related to divorce proceedings, his misconduct somehow should not matter here. Reply 1 (ECF No. 45-1). That is wrong. The nature of the underlying proceedings in *Lundstrom* is irrelevant; the *Lundstrom* court took Mr. Lundstrom to task for how he conducted himself in, and with, the court. Regardless of the nature of the action, Mr. Lundstrom was undeniably dishonest with, and blatantly disrespectful to, more than one court. The *Lundstrom* court's findings are directly on point here because the Court must appoint a representative party to lead the charge on behalf of the proposed Class before this Court. Courts routinely hold that findings of dishonesty and lack of credibility – regardless of the nature of proceeding they occurred in – are precisely the

2

kind of evidence that render a movant inadequate and/or constitute sufficient "proof" to rebut a presumptive lead plaintiff's adequacy. *See* Opp. 9-10.

Finally, Orca's case citations only further underscore Orca's inadequacy and why Kim should be appointed Lead Plaintiff here. For example, Orca misplaces reliance on *Khan v. Chargepoint Holdings, Inc.*, Nos. 23-cv-06172-PCP, 24-cv-00363-JSC (PCP), 2024 WL 2261948, at *4 (N.D. Cal. May 16, 2024). In *Khan*, a lead plaintiff movant argued that another movant, Shahram Afshani, was inadequate under Rule 23 because he had "a history of fraudulent and deceptive conduct based on past litigation against him". *Id*. The court rejected this argument because the "allegations of [] Afshani's prior conduct [were] unsubstantiated and lacking in factual detail" and "both cases also settled without any determination of [] Afshani's liability or wrongdoing." *Id*. Here, in stark contrast, the *Lundstrom* court expressly made "determination[s]" about Mr. Lundstrom's bad faith, misrepresentations, and vexatious litigation, and Kim cited those findings in "factual detail". *Id*.; Opp. 6-8. *See also Chupa*, 2020 WL 1032420, at *3 (noting that "'issues of credibility' [] raised by "confirmed examples of past dishonesty" can render a movant inadequate; here, the *Lundstrom* court found that Mr. Lundstrom acted in bad faith and made misrepresentations to the court); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.,* 229 F.R.D. 395, 416 (S.D.N.Y. 2004) (movant was adequate where "findings" were, unlike here, "not established on the record" and were "part of a settlement"). Orca's other case citations fare no better because they all concerned speculative Rule 23 impediments, not evidence-based ones.[2]

---

[2] *See Montoya v. Herley Indus. Inc.*, No. 06-2596, 2006 WL 3337485, at *2 (E.D. Pa. Nov. 14, 2006); *Medoff v. CVS Caremark Corp.,* No. 09-cv-554-JNL, 2016 WL 632238, at *3 (D.R.I. Feb. 17, 2016); *In re SemGroup Energy Partners, L.P. Sec. Litig.*, No. 08-cv-425-GKF-PJC, 2008 WL 4826318, at *3 (N.D. Okla. Oct. 27, 2008); *Strougo v. Brantley Capital Corp.*, 243 F.R.D. 100, 105 (S.D.N.Y. 2007); *Constance Sczesny Trust v. KPMG LLP*, 223 F.R.D 319, 324-25 (S.D.N.Y. 2004).

**CONCLUSION**

For the foregoing reasons and those given in his earlier filings, Kim respectfully requests that this Court: (1) appoint him as Lead Plaintiff; (2) approve his selection of Bernstein Liebhard as Lead Counsel and Hutchins Barsamian Mandelcorn as Liaison Counsel for the proposed Class; and (3) deny all other competing motions.

Dated: November 7, 2024                        Respectfully submitted,

**HUTCHINGS BARSAMIAN MANDELCORN, LLP**

/s/ Theodore M. Hess-Mahan
Theodore M. Hess-Mahan (BBO #557109)
110 Cedar Street, Suite 250
Wellesley Hills, MA 02481
Telephone: (781) 431-2231
Facsimile: (781) 431-8726
thess-mahan@hutchingsbarsamian.com

*Local Counsel for Pak Sa Kim and Proposed*
*Local Counsel for the Proposed Class*

**BERNSTEIN LIEBHARD LLP**
Laurence J. Hasson
Joseph R. Seidman, Jr.
Jeffrey McEachern
10 East 40th Street
New York, NY 10016
Telephone: (212) 779-1414
Facsimile: (212) 779-3218
Email:  lhasson@bernlieb.com
        seidman@bernlieb.com
        jmcceachern@bernlieb.com

*Counsel for Pak Sa Kim and Proposed Lead*
*Counsel for the Proposed Class*

4

**CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on November 7, 2024.

/s/ Theodore M. Hess-Mahan
Theodore M. Hess-Mahan (BBO #557109)
HUTCHINGS BARSAMIAN MANDELCORN, LLP
110 Cedar Street, Suite 250
Wellesley Hills, MA 02481
Telephone: (781) 431-2231
Facsimile: (781) 431-8726
thess-mahan@hutchingsbarsamian.com

5