UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASON WENTZ, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br>v.<br><br>MODERNA, INC., et al.,<br><br>Defendants. | *<br>*<br>*<br>*<br>*   Civil Action No. 1:24-cv-12058-IT<br>*<br>*<br>*<br>* |

ORDER

May 28, 2025

TALWANI, D.J.

Plaintiff Mason Wentz brought this securities class action suit against Defendants Moderna, Inc., and its executives Stephane Bancel, James Mock, and Stephen Hoge (collectively "Moderna"), alleging that they violated the Securities Exchange Act by making materially false and/or misleading statements and by failing to disclose adverse facts. See Compl. ¶¶ 1–10 [Doc. No. 1]. Pending before the court are motions by Stephen Feldman, Joseph Pellegrene, and Pak Sa Kim for appointment as lead plaintiff and approval of selection of lead counsel under the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B)(i). See Feldman Mot. [Doc. No. 19]; Pellegrene Mot. [Doc. No. 24]; Kim Mot. [Doc. No. 29].[1] Feldman and Pellegrene later filed notices of non-opposition to Kim's appointment as lead plaintiff. See Feldman's Notice of Non-Opposition at 1 [Doc. No. 39]; Pellegrene's Notice of Non-Opposition at 1 [Doc. No. 35].

For the reasons explained below, Kim's Motion is GRANTED as unopposed as to his

---

[1] The Orca Trust also filed such a motion, but later withdrew it. See Orca Trust Mot. [Doc. No. 20]; Notice of Withdrawal [Doc No. 54].

appointment as lead plaintiff, and DENIED without prejudice as to his selection of lead counsel. Feldman's and Pellegrene's Motions are DENIED as moot.

I.     **Appointment As Lead Plaintiff**

The PSLRA creates a rebuttable presumption that the lead plaintiff should be the "person or group of persons" who (1) "has either filed the complaint or made a motion in response to a notice [of the complaint]"; (2) "in the determination of the court, has the largest financial interest in the relief sought by the class";  and (3) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

All pending motions were timely filed within 60 days of Plaintiff Wentz issuing notice to members of the putative class. See 15 U.S.C. § 78u-4(a)(3)(A)(i)(II); Decl. of Theodore Hess-Mahan ISO Kim Mot. ("Hess-Mahan Decl."), Ex. A (notice) [Doc. No. 31-1]. Wentz has not filed an opposition to any of the motions.

As to financial interest, Feldman alleges that he suffered a loss of $8,295 relating to the allegations in the Complaint, see Decl. of Emily Finestone ISO Feldman Mot., Ex. A [Doc. No. 26-1]; Pellegrene alleges a loss of $59,074, see Decl. of Amanda Lawrence ISO Pellegrene Mot., Ex. C [Doc. No. 27-3]; and Kim alleges a loss of $95,551, see Hess-Mahan Decl., Ex. C [Doc. No. 31-3]. Pellegrene later filed a Notice of Non-Opposition [Doc. No. 35] because it appeared from the filings that he did not have the largest financial interest compared to other movants. See id. at 1. Feldman filed a similar notice, citing the same reason. See Feldman Notice of Non-Opposition at 1 [Doc. No. 39]. Based on Kim's unopposed motion, the court finds that Kim's alleged loss of $95,551 represents the largest financial interest in the relief sought by the putative class.

As to Federal Rule of Civil Procedure 23, for purposes of the PSLRA, the "court need only make findings as to the typicality and adequacy of the proposed lead plaintiff." Loc. No. 8

IBEW Ret. Plan v. Vertex Pharm. Inc., 52 F. Supp. 3d 337, 341 (D. Mass. 2014). Proving typicality requires that the movant's "claims arise from the 'same events or course of conduct' and involve the same legal theory as do the claims of the rest of the class[,]" and proving adequacy requires a demonstration of "common interests and an absence of conflict with the class members." In re Lernout & Hauspie Sec. Litig., 138 F. Supp. 2d 39, 46 (D. Mass. 2001) (citations omitted). Kim meets these requirements because he alleges he purchased Moderna securities in reliance on Moderna's allegedly materially false or misleading statements, which is the same course of events that allegedly harmed the putative class; and nothing in the record reflects adverse interests to the putative class. See Mem. ISO Kim Mot. ("Kim Mem.") at 6–7 [Doc. No. 30]; Compl. ¶¶ 1–10 [Doc. No. 1].

Accordingly, the court finds that Kim is entitled to the rebuttable presumption that he is the most adequate plaintiff to represent the putative class. As no party has rebutted that presumption, his motion to serve as lead plaintiff is GRANTED.

## II.    Selection of Lead Counsel

Under the PSLRA, the most adequate plaintiff shall, "subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C § 78u-4(a)(3)(B)(v). "While the [c]ourt should not be a rubberstamp, it should give the lead plaintiff['s] choice some weight." In re Lernout, 138 F. Supp. 3d at 46–47. Here, Kim asks the court to appoint Bernstein Liebhard LLP as Lead Counsel. Kim Mem. at 7–9 [Doc. No. 30].

However, Kim's request that the court appoint law firms, rather than individual attorneys, raises the question of whether a law firm may serve as counsel where it may not enter appearances or file pleadings pursuant to Federal Rule of Civil Procedure 11, and where Local Rule 83.5.2(b) requires that when a party is represented by a law firm, "the appearance must include the name . . . of at least one individual attorney."

Kim's motion is accordingly DENIED without prejudice as to the appointment of lead counsel and liaison counsel. Kim may renew his motion by identifying the individual attorneys Kim seeks to have appointed. In the alternative, Kim may renew his motion for the appointment of a law firm, but must provide authority for the proposition that the PSLRA, Federal Rules of Civil Procedure, and/or applicable ethical rules contemplate and provide for the appointment of law firms, as opposed to individual attorneys, as lead counsel.

### III.     Conclusion

For the foregoing reasons, Feldman's Motion [Doc. No. 19] and Pellegrene's Motion [Doc. No. 24] are DENIED. Kim's Motion [Doc. No. 29] is GRANTED in part to allow the appointment of Kim as Lead Plaintiff, but DENIED without prejudice as to the appointment of lead counsel.

IT IS SO ORDERED.

May 28, 2025                                              /s/ Indira Talwani
                                                          United States District Judge