**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MASON WENTZ, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:24-cv-12058-IT |
| Plaintiff, | **CLASS ACTION** |
| v. | |
| MODERNA, INC., STÉPHANE BANCEL, JAMES M. MOCK, and STEPHEN HOGE, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE**
**<u>DEFENDANTS' EXHIBITS 17-22; 32-37; AND 41</u>**

**TABLE OF CONTENTS**

**Page**

I.    PRELIMINARY STATEMENT ...................................................................... 1

II.   LEGAL STANDARD......................................................................................... 1

III.  ARGUMENT ..................................................................................................... 3

      A.     The Private Communications Unknown to Plaintiff at Exhibits 20-22 are
             Extrinsic to the Complaint and Plaintiff Disputes Their Authenticity.................... 4

            1.      Exhibit 22 – Non-Public Moderna Memo dated March 12, 2024 .............. 4

            2.      Exhibits 20 and 21 – Non-Public Communications.................................... 5

      B.     ConquerRSV Trial Documents at Exhibits 17-19 are Extrinsic to the
             Complaint, from Outside the Class Period, and/or Inauthentic ............................ 7

      C.     Third-Party Drug Studies at Exhibits 32-37 and 41 are Extrinsic to the
             Complaint, and from Outside the Class Period........................................................ 8

IV.  DEFENDANTS' ARGUMENTS BASED ON THE INADMISSIBLE DOCUMENTS
      MUST BE DISREGARDED ............................................................................ 10

V.   THE COURT MAY CONVERT THE MOTION TO A MOTION FOR SUMMARY
      JUDGMENT AND PERMIT DISCOVERY .................................................... 11

VI.  CONCLUSION................................................................................................. 11

**TABLE OF AUTHORITIES**

*Page(s)*

*Cases*

*Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*,
  267 F.3d 30 (1st Cir. 2001) ............................................................................................... 2

*Archdiocese of Milwaukee Supporting Fund v. Invs. Fin. Servs. Corp.*,
  2007 WL 9797807 (D. Mass. July 31, 2007) ..................................................................... 9

*Celano v. Fulcrum Therapeutics, Inc.*,
  2025 WL 928783 (D. Mass. Mar. 27, 2025) ................................................................. 2, 10

*Doe v. Trs. of Dartmouth Coll.*,
  2018 WL 2048384 (D.N.H. May 2, 2018) ........................................................................ 11

*Fire & Police Pension Ass'n of Colo. v. Abiomed*,
  778 F.3d 228 (1st Cir. 2015) ............................................................................................. 2

*Freeman v. Town of Hudson*,
  714 F.3d 29 (1st Cir. 2013) ............................................................................................... 2

*Froyoworld Licensing, LLC v. Lin*,
  2014 WL 1347218 (D. Mass. Apr. 2, 2014) ................................................................... 3, 7

*Guerra v. Teradyne Inc.*,
  2004 WL 1467069 (D. Mass. Jan. 16, 2004) ..................................................................... 9

*In re PTC Therapeutics, Inc. Sec. Litig.*,
  2017 WL 3705801 (D.N.J. Aug. 28, 2017) ................................................................... 4, 10

*In re StockerYale*,
  453 F. Supp. 2d 345 (D.N.H. 2006) ................................................................................. 10

*Khoja v. Orexigen Therapeuti2cs, Inc.*,
  899 F.3d 988 (9th Cir. 2018) ............................................................................................. 4

*Leavitt v. Alnylam Pharms., Inc.*,
  525 F. Supp. 3d 259 (D. Mass. 2021) ................................................................................ 3

*Leung v. bluebird bio, Inc.*,
  599 F. Supp. 3d 49 (D. Mass. 2022) ............................................................................... 2, 9

*Loc. No. 8 IBEW Ret. Plan & Tr. v. Vertex Pharms.*,
  838 F.3d 76 (1st Cir. 2016) ............................................................................................... 2

*NJ Carpenters Pension & Annuity Funds v. Biogen IDEC*,
    537 F.3d 35 (1st Cir. 2008) ............................................................................................. 2

*OrbusNeich Med. Co., BVI v. Bos. Sci. Corp.*,
    694 F. Supp. 2d 106 (D. Mass. 2010) .............................................................................. 5

*Paice v. Aldeyra Therapeutics*,
    2025 WL 815065 ............................................................................................................. 3

*Patterson v. Bosch Marine LLC*,
    744 F. Supp. 3d 142 (D. Mass. 2024) .............................................................................. 6

*Pietrantoni v. Corcept Therapeutics Inc.*,
    640 F. Supp. 3d 197 (D. Mass. 2022) ............................................................................ 10

*Pizzuto v. Homology Medicines, Inc.*,
    2024 WL 1436025 (D. Mass. Mar. 31, 2024) ............................................................. 2, 3

*Quaak v. Dexia S.A.*,
    357 F. Supp. 2d 330 (D. Mass. 2005) .............................................................................. 9

*Shash v. Biogen Inc.*,
    627 F. Supp. 3d 84 (D. Mass. 2022) *aff'd in part, rev'd in part*,
    84 F.4th 1 (1st Cir. 2023) ............................................................................................ 3, 10

*Shulse ex rel. Shulse v. W. New England Univ.*,
    2020 WL 4474274 (D. Mass. Aug. 4, 2020) ................................................................. 11

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
    551 U.S. 308 (2007) ......................................................................................................... 1

*Thevenin v. M&T Bank Corp.*,
    468 F. Supp. 3d 447 (D. Mass. 2020) .............................................................................. 7

*Tomaszewski v. Trevena, Inc.*,
    482 F. Supp. 3d 317 (E.D. Pa. 2020) .......................................................................... 6, 10

*Watterson v. Page*,
    987 F.2d 1 (1st Cir. 1993) ................................................................................................ 2

ii

## I.      PRELIMINARY STATEMENT

Plaintiff's Complaint sufficiently alleges violations of Securities Exchange Act of 1934 in accordance with the PSLRA by relying on the FDA's official record and verifiable sources, which show Defendants knowingly (or at least recklessly) misled investors by overstating the efficacy of mRESVIA.[1] On October 24, 2025, Defendants moved to dismiss the Complaint pursuant to Rule 12(b)(6) (the "Motion"). In support of the Motion, Defendants submitted a memorandum (Doc. No. 73) and the declaration of Adam Rosenfeld (Doc. No. 72) (the "Rosenfeld Declaration"), attaching 41 documents for which Defendants impliedly ask the Court to take judicial notice.

Plaintiff moves to strike 13 of these Exhibits (Exhibits 17-22; 32-37; and 41). Defendants largely rely on these extraneous documents in the Motion to concoct a counterfactual narrative against the Complaint's well-pled allegations. These documents, however, are outside the pleading because they are not sufficiently referred to in the Complaint, do not satisfy the requirements for judicial notice, and/or cannot be authenticated. Accordingly, the Court should strike Exhibits 17-22; 32-37; and 41 from the Motion, and the arguments based thereon. Alternatively, the Court should convert the Motion to a motion for summary judgment under Rule 12(d), lift the PSLRA discovery stay, and allow discovery concerning the misleading statements, the omissions of material facts, and scienter.

## II.     LEGAL STANDARD

On a motion to dismiss for failure to state a claim, the court "must … accept all factual allegations in the complaint as true." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 309 (2007); Fed. R. Civ. P. 12(b)(6). "Ordinarily … any consideration of documents not attached

---

[1] Terms not defined herein are defined in Plaintiff's Opposition to Defendants' Motion to Dismiss the Amended Class Action Complaint. Emphasis is added and internal citations and quotations are omitted unless otherwise noted.

to the complaint, or not expressly incorporated therein, is forbidden, unless the proceeding is properly converted into one for summary judgment under Rule 56." *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993); *Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001); *Celano v. Fulcrum Therapeutics, Inc.*, 2025 WL 928783, at *2 (D. Mass. Mar. 27, 2025) ("If on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.").

The First Circuit recognizes a "narrow exception" to this rule for documents affixed to the Complaint, documents expressly incorporated in the Complaint, judicially noticeable facts pursuant to Fed. R. Evid. 201(b), documents the authenticity of which are not disputed by the parties, documents central to Plaintiff's claim; or documents sufficiently referred to in the Complaint. *See Freeman v. Town of Hudson*, 714 F.3d 29, 36 (1st Cir. 2013); citing *Watterson*, 987 F.2d at 3; *Leung v. bluebird bio, Inc.*, 599 F. Supp. 3d 49 (D. Mass. 2022) (declining to consider documents that were not essential to evaluating the sufficiency of the complaint and were not referenced in the complaint); *Pizzuto v. Homology Medicines, Inc.*, 2024 WL 1436025, at *2 (D. Mass. Mar. 31, 2024) (same); *see also generally* Fed. R. Evid. 201(b).[2] "If other matters outside

---

[2] Defendants make the conclusory assertion that "the Court may consider" their 41 exhibits. MTD at 4, n.1. None of their cited authorities stand for the proposition that the Court may consider extrinsic, non-public, documents of disputed authenticity on a motion to dismiss. *See Fire & Police Pension Ass'n of Colo. v. Abiomed*, 778 F.3d 228, 232 n.2 (1st Cir. 2015) (considering documents where authenticity was not contested and "[n]either party dispute[d] that the court may properly consider these materials."); *Loc. No. 8 IBEW Ret. Plan & Tr. v. Vertex Pharms*., 838 F.3d 76, 78 n.3 (1st Cir. 2016) (considering press release that was referenced in the complaint, central to the claim, and no party disputed authenticity); *NJ Carpenters Pension & Annuity Funds v. Biogen IDEC*, 537 F.3d 35, 38, 44 (1st Cir. 2008) (explaining that district court "considered certain public documents"); *Watterson*, 987 F.2d at 3 (*see supra* 2); *Celano*, 2025 WL 928783, at *9 n.15 ("The court rejects consideration of this exhibit on a motion to dismiss (and the related argument) where the exhibit is not referenced in the [complaint] and is not a public filing along the lines of a Form

the pleadings are presented to the court, the court may exclude such matters or may treat the motion as one for summary judgment, with all parties given a reasonable opportunity to present all the material that is pertinent to the motion." *Shash v. Biogen Inc.*, 627 F. Supp. 3d 84, 97 (D. Mass. 2022), *aff'd in part, rev'd in part*, 84 F.4th 1 (1st Cir. 2023); Fed. R. Civ. P. 12(d).

## III.   ARGUMENT

Defendants rely on four categories of documents that are either not authenticated, cited, or sufficiently referred to in the Complaint and should be stricken: (1) private, not-publicly-available FDA communications (Exs. 20-22); (2) ConquerRSV Trial documents from outside the Class Period (Exs. 17-19); (3) third-party drug studies from outside the Class Period (Exs. 32-37); and (4) a document created by Defendants' counsel to dispute the factual allegations in the Complaint (Ex. 41). In support of the submission of these exhibits, Defendants offer only cursory justifications (and for some, no justification at all) and fail to provide a sufficient basis why any of the documents should be included – let alone a developed argument for each. *SeeFroyoworld Licensing, LLC v. Lin*, 2014 WL 1347218, at *2 (D. Mass. Apr. 2, 2014) ("Defendant's counsel cannot simply attach materials, explain where he got them and deem them authenticated.")

As set forth below, these challenged documents fail the test for allowing consideration of a document on a motion to dismiss. None of these documents are affixed to the Complaint; expressly incorporated in the Complaint; judicially noticeable facts meeting Fed. R. Evid. 201(b); documents the authenticity of which are not disputed by Plaintiff; documents central to Plaintiff's

10-K"); *Paice v. Aldeyra Therapeutics*, 2025 WL 815065, at *1 nn.2 & 3 (D. Mass. Mar. 14, 2025) (considering documents referenced in the complaint); *Pizzuto*, 2024 WL 1436025, at *1-2 (SEC filings, company presentations, transcripts, and press releases were "sufficiently referred to in the Amended Complaint for the Court's consideration at the motion to dismiss stage); *Leavitt v. Alnylam Pharms., Inc.*, 525 F. Supp. 3d 259, 264 (D. Mass. 2021) ("a court may not look beyond the facts alleged in the complaint, documents incorporated by reference therein and facts susceptible to judicial notice.").

claim; or documents sufficiently referred to in the Complaint. The documents are outside the pleading and should be excluded by the Court.

### A. The Private Communications Unknown to Plaintiff at Exhibits 20-22 are Extrinsic to the Complaint and Plaintiff Disputes Their Authenticity

#### 1. Exhibit 22 – Non-Public Moderna Memo dated March 12, 2024

Exhibit 22 is a private email and "confidential" memo purportedly written by Moderna and dated March 12, 2024, according to Moderna's outside counsel. Plaintiff disputes the document's authenticity because the contents of the writing are controverted by official FDA documents. The BLA Review Memo has no record of Exhibit 22 ever being sent or received, of a *post-hoc* review, or dispute with Moderna. The memo is not referenced, referred to, or central to the Complaint. It did not exist from Plaintiff's point of view until filed with Defendants' Motion. The document was not publicly available from any source and its contents cannot be confirmed. This exhibit does not fall under the First Circuit's "narrow exception" for permitting its consideration on a motion to dismiss and should be excluded.

The Rosenfeld Declaration claims that Exhibit 22 is "referenced at ¶¶10-11, 56-58, 60-61, 81, 85, 88, 91, 94, 98, 101." Rosenfeld Declaration at 5. However, there is no March 12, 2024 document referenced anywhere in the Complaint. The document is entirely extrinsic to the allegations and offered for the sole purpose of creating Defendants' counterfactual narrative. *See In re PTC Therapeutics, Inc. Sec. Litig.*, 2017 WL 3705801, at *3 n.5 (D.N.J. Aug. 28, 2017) (striking extrinsic documents where "the inferences defendants wish to draw from these documents go beyond the mere existence of statements within them [] *e.g.,* what [defendants] actually believed. Such contentions cannot properly be weighed on a motion to dismiss."); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998-99 (9th Cir. 2018) (cautioning that the risk of a defendant's "unscrupulous use of extrinsic documents …. is especially significant in SEC fraud

4

matters, where there is already a heightened pleading standard, and the defendants possess materials to which the plaintiffs do not yet have access"). For these reasons, Exhibit 22 should be stricken from the Motion.

### 2.        Exhibits 20 and 21 – Non-Public Communications

Exhibits 20 and 21 purport to be private communications between the FDA and Moderna. The dates of these communications match dates of communications cited in the BLA Review Memo. However, Plaintiff challenges their authenticity because these exhibits are not public.

The Rosenfeld Declaration claims Exhibit 20 is "referenced at ¶¶10, 56-58, 81, 85, 88, 91, 94, 98, 101" and Exhibit 21 is "referenced at ¶¶11, 60-61, 67, 81, 85, 88, 91, 94, 98, 101." Rosenfeld Declaration at 5. A review of the Complaint, however, shows that the basis for the allegations in the cited paragraphs are the publicly available BLA Review Memo and Summary Basis. Within those documents are references to other source material, but these letters were not available to Plaintiff to verify and include in the Complaint. In fact, it is possible multiple communications occurred between the FDA and Moderna on the same dates as Exhibits 21 and 22, which may be reflected in different documents referred to in the BLA Review Memo and Summary Basis.

The contents of Exhibits 21 and 22 are extrinsic to the Complaint. These documents and Defendants' arguments based thereon cannot be considered on Defendants' Motion. *See Gustavsen v. Alcon Lab'ys, Inc.*, 272 F. Supp. 3d 241, 253 n.2 (D. Mass. 2017) (because the documents at issue "are not public documents obtained from the FDA website, but rather are private communications, and are not relied on in the complaint[,] [t]hey may not be considered in deciding the motion to dismiss."), *aff'd*, 903 F.3d 1 (1st Cir. 2018); *OrbusNeich Med. Co., BVI v. Bos. Sci.*

5

*Corp.*, 694 F. Supp. 2d 106, 111 (D. Mass. 2010) (striking email where authenticity was disputed and not a matter of public record).

*Tomaszewski v. Trevena, Inc.*, 482 F. Supp. 3d 317, 327–28 (E.D. Pa. 2020) is directly on point. There, plaintiff's allegations relied on certain communications between defendants and the FDA that were "derived from the publicly available" FDA documents. *Id.* Like Defendants here, defendants offered the non-public communications themselves in connection with their motion to dismiss, and like Defendants here, "relie[d] heavily" on the non-public communications for a counternarrative in their motion to dismiss. *Id.* The Court struck the documents, explaining that "[d]efendants have misidentified the FDA documents that the Complaint relies on. Although the Complaint repeatedly refers to the meeting minutes and the request, Plaintiffs did not, and in fact could not, rely on those documents, because they were never disclosed to the public." *Id.* Indeed, just like here, "every reference to confidential FDA communications with [defendant] comes from the [publicly available FDA document], not the [non-public] documents." *Id.* The court reasoned that "[b]ecause Plaintiffs did not have access to the [non-public] documents until Defendants attached them to the motion to dismiss, the documents could not have been integral to or explicitly relied upon in the Complaint." *Id.*

Until discovery, there is no way to verify Exhibits 20 and 21 are in fact the communications that the BLA Review Memo and Summary Basis characterize. *See Patterson v. Bosch Marine LLC*, 744 F. Supp. 3d 142, 148 (D. Mass. 2024) ("That [Plaintiff] references express warranties in his Complaint does not mean that the particular express warranty proffered by [Defendant] may

be considered [on a Rule 12 motion], particularly where [Plaintiff] disputes … authenticity.").[3]

Exhibits 20-21should be stricken from the Motion.[4]

    **B.    ConquerRSV Trial Documents at Exhibits 17-19 are Extrinsic to the Complaint, from Outside the Class Period, and/or Inauthentic**

Defendants seek to introduce Exhibit 17, excerpts of mRESVIA's study protocol, dated November 16, 2022; Exhibit 18, excerpts of mRESVIA's statistical analysis plan, dated November 29, 2022; and Exhibit 19, excerpts of mRESVIA's clinical study report, dated August 25, 2023. These exhibits should not be considered because they are not referenced in the Complaint. *See supra* 2-3.

Defendants incorrectly characterize the exhibits as being referenced in the Complaint. Specifically, that:

- Exhibit 17 is "referenced at ¶43; *see also* ¶¶80, 83, 90, 97 (referencing "per protocol analysis")." Rosenfeld Declaration at 4.

   ¶43 describes the ConquerRSV Trial generally and it does not reference a study protocol. ¶¶80, 83, 90, 97 are alleged misstatements which reference slides. Within those slides the 83.7% VE is characterized as "per protocol," but a study protocol is not what the allegations reference. Defendants' statements identified in the Complaint are made in the slides, not a study protocol.

- Exhibit 18 is "referenced at ¶¶43, 80, 83, 90, 97." *Id.*

---

[3] *See also Thevenin v. M&T Bank Corp.*, 468 F. Supp. 3d 447, 450 (D. Mass. 2020) ("Although central to plaintiff's complaint, Thevenin expressly contests the authenticity of the submitted material. … For that reason, the Court is precluded from considering the disputed documents at this stage of litigation.").

[4] *See also Froyoworld*, 2014 WL 1347218, at *2 n.2 (declining to take judicial notice of extrinsic documents because "Defendant's counsel cannot simply attach materials, explain where he got them and deem them authenticated."); *U.S. Bank Nat'l Ass'n v. James*, 2009 WL 2448578, at *4 (D. Me. Aug. 9, 2009) ("The mere fact that the defendant's affidavit is 'authentic' does not mean that the court may consider it in connection with the motion to dismiss … parties … could easily defeat [a motion to dismiss] by creating an 'authentic' document to support their positions. The exception would then swallow the rule."), *report & recommendation approved by* 2009 WL 2753868 (D. Me. Aug. 26, 2009).

¶43 does not mention a statistical analysis plan. ¶¶80, 83, 90, 97 are alleged misstatements where Defendants represented that the primary analysis VE was 83.7% and did not make any representations relating to a statistical analysis plan.

- Exhibit 19 is "referenced at ¶¶8, 52-53." *Id.*

  However, ¶¶8, 52-53 refer to Moderna's BLA submission to the FDA on July 5, 2023 and September 12, 2023. Exhibit 19 does not contain either of those dates, is titled clinical study report, and does not appear to be Moderna's BLA submission.[5]

Furthermore, Exhibit 19 cannot be verified. Exhibit 19 is described as "a true and correct highlighted, excerpted copy of Moderna's ConquerRSV Clinical Study Report dated August 25, 2023 and **submitted to the FDA.**" Rosenfeld Declaration at 4. But the links provided are for different documents that appear to be from submissions to the government of Canada and the EU—not the FDA. *See id.*, at 4, n. 10. Exhibit 19 contains a footer that states "Document Number: VV-CLIN-014487 eDMS Version: 1.0," but there is no such footer in the document at the government of Canada link provided. Likewise, the document at the government of Canada link has a watermark and no such watermark appears in Exhibit 19. Additionally, the link provided to the EU website is not freely available for access. There is no way to authenticate or verify that Exhibit 19 is the same document that Defendants claim was submitted to the FDA.

Accordingly, for these reasons, Exhibits 17-19 should be stricken from the Motion.

### C. Third-Party Drug Studies at Exhibits 32-37 and 41 Are Extrinsic to the Complaint, and from Outside the Class Period

Exhibits 32 and 33 are excerpted pages from the FDA's BLA review memos of Arexvy and Abryvso, respectively. The Rosenfeld Declaration claims that Exhibit 32 "is referenced at ¶¶7, 49," and that Exhibit 33 "is referenced at ¶¶7, 50." Rosenfeld Declaration at 6-7. The allegations in those paragraphs refer to the FDA's approval of Arexvy and Abryvso, and those products' VE. There is no reference to the FDA documents Defendants offer. There is no reason consider these

---

[5] Exhibit 19 has been so heavily excerpted it is incapable of authentication.

documents *See Archdiocese of Milwaukee Supporting Fund v. Invs. Fin. Servs. Corp.*, 2007 WL 9797807, at *2 (D. Mass. July 31, 2007) (striking document "even when presented solely for background purposes" because they "extend[] beyond the scope of the complaint and may not be relied upon at the motion to dismiss stage").

Exhibit 34 is an excerpt from a *New England Journal of Medicine* article and Exhibit 35 is an excerpt of the Supplementary Appendix from the same article. Neither of these documents are sufficiently referenced in the Complaint to allow consideration. *See id*. Moreover, articles and their accompanying documents are not judicially noticeable. *See Leung*, 599 F. Supp. 3d at 58 (declining to consider "academic journal article" because not essential to evaluating the sufficiency of the complaint*); In re PLC Sys., Inc. Secs. Litig*., 41 F. Supp 2d 106, 118 (D. Mass. 1999) (scientific articles that "lie outside the scope of the pleadings . . . cannot be fairly considered in deciding a 12(b)(6) motion.").[6]

Exhibit 36 is an excerpt from the August 15, 2024 CDC publication announcing ACIP recommendations. Defendants do not claim that this document is referenced in the Complaint (because it is not) and it bears no relevance to the allegations. Defendants offer no basis for its admission and rely on it for the truth of its contents. Exhibit 36 should be stricken.

Exhibit 37, the "Good Clinical Practice Guidelines for Industry," is also not referenced in the Complaint, is irrelevant to the sufficiency of the allegations, and should be stricken. *See supra* 2-3.

---

[6] *See also Guerra v. Teradyne Inc*., 2004 WL 1467069, at *2 (D. Mass. Jan. 16, 2004) (article stricken since it was "neither 'pertinent to the action and/or referenced in the complaint,' . . . and does not have the indicia of reliability required by Fed. R. Evid. 201."); *Obesity Rsch. Inst., LLC v. Fiber Rsch. Int'l, LLC*, 2018 WL 1089, at *4 (S.D. Cal. Feb. 21, 2018) ("journal articles . . . are not appropriate for judicial notice."); *Quaak v. Dexia S.A.*, 357 F. Supp. 2d 330, 338-39 (D. Mass. 2005) (striking articles not cited in complaint).

Exhibits 32-37 should be disregarded for the additional reason that they are from well outside the Class Period. *See Shash*, 627 F. Supp. 3d at 99 ("no basis" to take judicial notice of new information that that fell outside the presumptive class period); *In re PTC Therapeutics*, 2017 WL 3705801, at *8 n.5 (documents dated after or before class period not subject to judicial notice).

Lastly, Exhibit 41 is a summary prepared by counsel, it is not part of the Complaint and cannot be considered. *See Pietrantoni v. Corcept Therapeutics Inc.*, 640 F. Supp. 3d 197, 205–06 (D. Mass. 2022) ("Pietrantoni's exhibits are not taken directly from the FDA or WHO website but rather appear to be data summaries prepared by counsel. Because these documents are not publicly available – indeed, counsel has not even revealed its specific methodology in compiling these data -- they are not proper subjects of judicial notice"). Exhibits 32-37 and 41 should be stricken from the Motion.

## IV. DEFENDANTS' ARGUMENTS BASED ON THE INADMISSIBLE DOCUMENTS MUST BE DISREGARDED

The Court should disregard all arguments based on the inadmissible exhibits. *See In re StockerYale*, 453 F. Supp. 2d 345, 348–49 (D.N.H. 2006) (striking portion of memorandum of law and explaining that, "Plaintiffs also contend that defendants' memorandum of law relies on asserted facts drawn from beyond the four corners of the complaint. To the extent that is the case, those facts not properly before the court will be disregarded."); *Trevena, Inc.*, 482 F. Supp. 3d at 329 ("Without these [previously non-public] document, [Defendants'] Motion to Dismiss must be denied. … the stricken documents are so intertwined with and integral to the arguments raised in the motion that it is not possible to excise the documents or parse the proper arguments from the improper."); *Celano*, 2025 WL 928783, at *9 n.15 ("reject[ing] consideration…and related argument…where the exhibit is not referenced in the [complaint] and is not a public filing."). Consideration of these exhibits for the purpose of resolving factual disputes against the well-pled

allegations in the Complaint or to support Defendants' contradictory version of events is improper. *See, e.g., Doe v. Trs. of Dartmouth Coll.*, 2018 WL 2048384, at *1 (D.N.H. May 2, 2018) (granting motion to strike exhibits submitted with a motion to dismiss based on finding that such documents, were being used by defendants to "challenge or supplement plaintiff's allegations").

## V.    THE COURT MAY CONVERT THE MOTION TO A MOTION FOR SUMMARY JUDGMENT AND PERMIT DISCOVERY

While the Court should reject Defendants' extrinsic material and the arguments relied thereon for purposes of deciding the Rule 12(b)(6) motion, "it is within a court's discretion" to "convert [the] Rule 12(b)(6) motion to dismiss into a motion for summary judgment pursuant to Rule 56." *Shulse ex rel. Shulse v. W. New England Univ*. 2020 WL 4474274, at *2 (D. Mass. Aug. 4, 2020). Conversion requires affording Plaintiff the opportunity to conduct discovery. *See* Rule 12(d).

## VI.    CONCLUSION

For the foregoing reasons Plaintiff respectfully requests that the Court strike Exhibits 17-22; 32-37; and 41 from the Motion, and the arguments based thereon. Alternatively, Plaintiff respectfully requests that the Court convert the Motion to a motion for Summary Judgment under Rule 12(d), lift the PSLRA discovery stay, allow discovery concerning the misleading statements, the omissions of material facts, and scienter.

Respectfully submitted,

**HUTCHINGS BARSAMIAN**
**MANDELCORN, LLP**
/s/ *Theodore M. Hess-Mahan*
Theodore M. Hess-Mahan (BBO #557109)
110 Cedar Street, Suite 250
Wellesley Hills, MA 02481
Telephone: (781) 431-2231
Facsimile: (781) 431-8726
thess-mahan@hutchingsbarsamian.com

11

*Local Counsel for Plaintiff and the Proposed Class*

**BERNSTEIN LIEBHARD LLP**
Stanley D. Berstein (*pro hac vice*)
Michael S. Bigin (*pro hac vice*)
Stephanie M. Beige *(pro hac vice)*
Jeffrey R. McEachern (*pro hac vice* motion forthcoming)
10 East 40th Street
New York, NY 10016
Telephone: (212) 779-1414
Facsimile: (212) 779-3218
bernstein@bernlieb.com
bigin@bernlieb.com
beige@bernlieb.com
jmceachern@bernlieb.com

*Lead Counsel for Plaintiff and the Proposed Class*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed with the Court's electronic case filing (ECF) system on December 8, 2025, which caused an electronic copy of this document to be served on all counsel of record in this matter who have registered for ECF service.

/s/ *Theodore M. Hess-Mahan*
Theodore M. Hess-Mahan