# Exhibit A

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASON WENTZ, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MODERNA, INC., STÉPHANE BANCEL, JAMES M. MOCK, and STEPHEN HOGE,<br><br>Defendants. | Case No. 1:24-cv-12058-IT<br><br>**CLASS ACTION** |

**PLAINTIFF'S REPLY IN FURTHER SUPPORT OF PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' EXHIBITS 17-22; 32-37; AND 41**

## TABLE OF CONTENTS

**Page**

I.    PRELIMINARY STATEMENT ................................................................................. 1

II.   ARGUMENT........................................................................................................... 2

      A.   Exhibit 22 Is Barred from Consideration because Authenticity
           Is Questioned and It Is Not Integral to, or Referenced in the
           Complaint.......................................................................................................... 2

      B.   Exhibits 20 and 21 Should Be Stricken because Authenticity
           Is Questioned, and They Are Extrinsic Documents................................................ 4

      C.   Defendants' New Documents Are Extrinsic and Fail to
           Authenticate Exhibits 21 and 22 ........................................................................... 6

III.  CONCLUSION........................................................................................................ 7

i

Lead Plaintiff Pak Sa Kim ("Plaintiff") respectfully submits this Reply in further support of Plaintiff's Motion to Strike Defendants' Exhibits 17-22; 32-37; and 41 ("MTS") to address a mischaracterization of the exception to Rule 12(d) and new documents submitted by Defendants.[1]

## I.    PRELIMINARY STATEMENT

The law is uniformly against allowing Exhibits 20-22 (the "Unverifiable Writings") to support Defendants' Rule 12(b)(6) motion for two independent reasons: 1) their authenticity is in question, and 2) the Unverifiable Writings are not integral to the Complaint.

Plaintiff objects to authenticity because the Unverifiable Writings purport to be private, confidential, communications between Moderna and the FDA that cannot be obtained by Plaintiff during the PSLRA's discovery stay. These writings are not self-authenticating and are not judicially noticeable. Defendants' counsel does not demonstrate personal knowledge of Exhibits 20-22 or that Exhibits 20 and 21 are the same communications the FDA refers to in the BLA Review Memo. These documents could be misidentified, drafts, erroneous, or worse. Indeed, no court has considered contested documents like the Unverifiable Writings during a Rule 12(b)(6) motion. *See* Appendix (distinguishing every case Defendants cited). This is because the main problem with considering documents outside the complaint is lack of notice to the plaintiff. *Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996). Accordingly, the general rule forbidding outside documents controls.

Additionally, the Unverifiable Documents are barred because they are not integral to the Complaint. Exhibit 22 is not referenced in the Complaint or any FDA document. If a similar memo

---

[1] Terms not defined herein are defined in Plaintiff's Opposition to Defendants' Motion to Dismiss the Amended Class Action Complaint (Doc. No. 75). Internal citations and quotations are omitted unless otherwise noted. "Opp." refers to Defendants' Opposition to Plaintiff's Motion to Strike Certain Exhibits (Doc. No. 81).

1

is later produced in discovery, it will confirm in context with the numerous omitted private communications with the FDA that Defendants knew the FDA rejected mRESVIA's earlier VE data. Exhibits 20 and 21 are also not integral to the Complaint because the Complaint quotes the official FDA BLA Review Memo. ¶¶57, 61. That is the official public record interpreting multiple, highly technical, communications with Moderna. Moreover, Defendants' admission that the FDA required Moderna to "replace previously submitted datasets" (Def. Ex. 20, Doc No. 72-20 at 6), is not at odds with Plaintiff's allegation that the FDA "rejected the data" (*see, e.g.,* ¶81).

Defendants now submit Exhibits 42 and 43 as purported receipts relating to Exhibits 21 and 22. The "receipts" raise even more questions. Why are they standalone documents? Where did they come from? Regardless, it is indisputable that the new "receipts" are not integral to the Complaint. They are more curated, outside documents essentially admitting that the Unverifiable Writings are highly questionable.

Defendants' remaining claims made in opposition to the MTS are equally unavailing. Accordingly, Plaintiff requests that the Court grant his motion to strike Exhibits 17-22; 32-37; and 41; and strike new Exhibits 42-43.

## II.     ARGUMENT

### A.     Exhibit 22 Is Barred from Consideration because Authenticity Is Questioned and It Is Not Integral to, or Referenced in the Complaint

Exhibit 22 is claimed to be a confidential memo purportedly written by Moderna and submitted to the FDA. However, the FDA does not have a record of the document, it is not publicly available, it is not self-authenticating, it is unavailable for judicial notice, and its authenticity is objected to. After two declarations, there is still no foundation for Defendants' counsel's personal knowledge concerning an Exhibit he apparently did not draft. Moreover, the document is not cited, referred to, or integral to the Complaint as Plaintiff had no notice of its existence. Contrary to

2

Defendants' assertions, their cases confirm that this document cannot be considered during a motion to dismiss. *See* Appendix.

Ignoring the authenticity problem and conceding Exhibit 22 is not referenced in the Complaint, Defendants assert that "[a] document need not be explicitly referenced to be 'integral' or 'fairly incorporated.'" Opp. at 4. But Defendants rely on cases where documents were explicitly referenced in the Complaint. In *Clorox Co.*, (Opp. at 3-4) the First Circuit did not consider, *inter alia*, "internal company memoranda" or even "letters exchanged between the parties," explaining that "much of the evidence contained in the record is out-of-bounds in reviewing a 12(b)(6) dismissal." 228 F.3d at 32. The First Circuit "limit[ed] … evaluation of material outside the complaint to the advertisement copy because that is the only material we deem 'integral' to assessing the … [false advertising claim]." *Id.* The full advertisement was necessarily in the public domain.

Defendants also misapply *Beddall v. State Street Bank and Trust, Co.*, 137 F.3d 12, 17 (1st Cir. 1998) (Opp. at 3-4). *Beddall* does not stand for the proposition that a non-public document that is never mentioned in a complaint (like Exhibit 22) is part of the pleadings. There, plaintiffs alleged ERISA and breach of fiduciary duty claims based on a contractual duty. The document considered in that case (the Agreement) was part of the pleadings because the complaint, "discusses the Agreement at considerable length." *Id.* at 16. "[P]laintiffs neither challenged the authenticity of the Agreement nor moved to strike it from the record." *Id.* at 17. Likewise, in *Shaw v. Digital Equip.*, the First Circuit considered publicly available news articles, which the plaintiff quoted from in the complaint. The articles were in a "jointly-prepared appendix" and plaintiffs did not "object[] to the district court's nor the defendants' making reference to the full text of those articles." 82 F.3d 1194, 1220 n.34 (1st Cir. 1996). There is nothing in the principles of *Clorox*,

3

*Beddall,* or *Shaw* that support a finding that Exhibit 22 is "integral" to the Complaint or that documents of disputed authenticity should be considered.

Defendants further assert that "[b]oth the First Circuit and courts in this District have considered private communications with the FDA on dismissal motions in securities cases challenging clinical trial-related disclosures." Opp. at 7, n. 6. But none of the cases they cite are applicable. *See* Appendix.

It is also an impermissible work-around to ask the Court to consider Exhibit 22 just "to show its contents." Opp. at 11. That request is especially problematic here where Defendants repeatedly rely on Exhibit 22 for the purported truth of the matters therein to spin a dubious counternarrative. *See* MTS at 4. Accordingly, Exhibit 22 should be stricken.

**B.      Exhibits 20 and 21 Should Be Stricken because Authenticity Is Questioned, and They Are Extrinsic Documents**

Non-public documents of disputed authenticity, which are not self-authenticating, unavailable for judicial notice, and are not cited in the Complaint, cannot be considered on a motion to dismiss. *See supra* 2. Furthermore, Defendants have provided no basis to authenticate that the communications the FDA refers to in the BLA Review Memo are the same communications Defendants offer as Exhibits 20 and 21. The fact that Exhibits 20 and 21 bear the same dates is plainly insufficient. Exhibits 20 and 21 could be one of multiple communications from the same dates, they could be drafts, they could be misidentified by Defendants altogether. Importantly, Defendants' counsel does not have personal knowledge of the FDA's drafting of the BLA Review Memo to verify these are authentic copies of the communications cited in the BLA Review Memo. *See* MTS at 6, 10.

Defendants attempt to downplay the authenticity questions here as not "serious." *See* Opp. at 6. But this objection is a hard stop for documents that are unverifiable. For example, in

4

*OrbusNeich Med. Co., BVI v. Bos. Sci. Corp.*, 694 F. Supp. 2d 106, 111 (D. Mass. 2010), the plaintiff disputed authenticity of an email attached as an exhibit to a motion to dismiss. Defendant argued that "the authenticity of the email cannot seriously be disputed." The court rejected this argument explaining that "[t]his claim is easily refuted because [plaintiff] does in fact dispute the authenticity of the email," and granted the motion to strike with respect to the email. 694 F. Supp. 2d at 111. The Court should do the same here.

Defendants also admit that Exhibits 20 and 21 are not cited in the Complaint. The Complaint refers to the FDA's publicly available documents, which summarize numerous communications with Moderna. Defendants try to reach through the BLA Review Memo to argue that communications it summarizes are also incorporated by reference into the Complaint, but that is going too far. *See Tomaszewski v. Trevena, Inc.*, 482 F. Supp. 3d 317, 327–28 (E.D. Pa. 2020) (discussed below). If Defendants could submit any private document that they believed was used by a third-party in a separate document that is discussed in the Complaint, the "narrow exception" to Rule 12(d) would swallow the rule barring outside documents. Certain FDA writings are confidential and not available to Plaintiff or the public for a reason. Here, perhaps the FDA did not trust Moderna's writings to be fully representative to the public of the FDA's numerous communications with Moderna disputing the mRESVIA's VE data and requiring a replacement.

*Tomaszewski v. Trevena, Inc.* remains the most analogous to evaluating Exhibits 20 and 21. There the court struck non-public documents when the complaint cited to FDA documents' characterizations of those documents. The court explained that "[b]ecause Plaintiffs did not have access to the [non-public] documents until Defendants attached them to the motion to dismiss, the documents could not have been integral to or explicitly relied upon in the Complaint." Defendants claim that *Trevena* is distinguishable because the *Trevena* plaintiff quoted FDA documents,

5

whereas Plaintiff "paraphrases" FDA documents. That is incorrect. Plaintiff quotes the BLA Review Memo (¶61), did not object to Defendants' request that the Court consider Def. Ex. 24 (excerpts from the BLA Review Memo), and submitted the entire BLA Review Memo as Plaintiff's Ex. 2, Doc. No 74-2. Defendants' distinction is also meaningless because the court did not base its analysis on alleging verbatim quotes vs. paraphrasing. The portion of the opinion Defendants refer to was the court's illustration that the complaint was quoting the public FDA documents, as opposed to the non-public documents.[2] *Id.* Additionally, Defendants are wrong to claim that *Trevena* "contravenes First Circuit precedent." *Trevena* quoted the standard of *Shaw*, 82 F.3d 1194, 1220 (1st Cir. 1996). *See Trevena,* 482 F. Supp. 3d, at 326 ns. 34, 37. Accordingly, Exhibits 20 and 21 should be stricken.

### C.    Defendants' New Documents Are Extrinsic and Fail to Authenticate Exhibits 21 and 22

Exhibits 42 and 43 are presented as receipts relating to a numbered bookkeeping function of the FDA's restricted database, which Defendants assume are for Exhibits 21 and 22. These "receipts" are too unreliable to authenticate the Unverifiable Writings. Exhibits 42 and 43 at best could show that Moderna submitted something to the FDA on certain dates. They do nothing to authenticate that the Unverifiable Writings. Indeed, Exhibits 42 and 43 raise more questions than they answer, such as: Why are the "receipts" standalone documents? Where did the "receipts" come from?

---

[2] *See id*. ("each quotation in the Complaint that references the disputed documents is a verbatim quotation from the [FDA documents]. Similarly, a careful review of the Complaint demonstrates that every reference to confidential FDA communications with Trevena comes from the [FDA documents], not the disputed documents. Because "[t]he mere fact that the documents are referenced or quoted in ... the [ ] Complaint does not render the exhibits themselves appropriate for consideration on a motion to dismiss," it is the [FDA document] that is incorporated by reference in the Complaint, not the underlying documents.").

Far from providing a basis to consider Exhibits 21 and 22, Exhibits 42 and 43 exemplify the problematic nature of Exhibits 21 and 22 and the lack of foundation for Defendants' counsel's Declarations. Exhibits 42 and 43 should be stricken for the same reasons as Ex. 20-22. *See* MTS at III.A.1-2.

## III.    CONCLUSION

For the foregoing reasons and those given in the opening memorandum, Plaintiff respectfully requests that this Court strike Exhibits 17-22; 32-37; and 41-43 from the Motion, and the arguments based thereon. Alternatively, Plaintiff respectfully requests that the Court convert the Motion to a motion for Summary Judgment under Rule 12(d), lift the PSLRA discovery stay, allow discovery concerning the misleading statements, the omissions of material facts, and scienter.

DATED: January 23, 2026

Respectfully submitted,

**HUTCHINGS BARSAMIAN MANDELCORN, LLP**

_____
Theodore M. Hess-Mahan (BBO #557109)
110 Cedar Street, Suite 250
Wellesley Hills, MA 02481
Telephone: (781) 431-2231
Facsimile: (781) 431-8726
thess-mahan@hutchingsbarsamian.com

*Local Counsel for Plaintiff and the Proposed Class*

7

**BERNSTEIN LIEBHARD LLP**
Stanley D. Berstein (*pro hac vice*)
Michael S. Bigin (*pro hac vice*)
Stephanie M. Beige *(pro hac vice)*
Jeffrey R. McEachern (*pro hac vice*)
10 East 40th Street
New York, NY 10016
Telephone: (212) 779-1414
Facsimile: (212) 779-3218
bernstein@bernlieb.com
bigin@bernlieb.com
beige@bernlieb.com
jmceachern@bernlieb.com

*Lead Counsel for Plaintiff and the Proposed Class*

8

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed with the Court's electronic case filing (ECF) system on January 23, 2026, which caused an electronic copy of this document to be served on all counsel of record in this matter who have registered for ECF service.

Theodore M. Hess-Mahan
