# Exhibit B

**APPENDIX**[1]

| | All of Defendants' Cases Cited in Opp. in Support of Considering the Unverifiable Writings | Plaintiff's Parentheticals Demonstrating Defendants' Cases Do Not Support Considering the Unverifiable Writings | Opp. Page |
|---|---|---|---|
| 1. | *Abely v. Aeterna Zentaris*, 2013 WL 2399869, at *21-22 (S.D.N.Y. May 29, 2013) | "The exhibits challenged by the plaintiff include guidance and pronouncements from government agencies, and filings made to government agencies, the authenticity of which is not in dispute." | 13 |
| 2. | *Alternative Energy v. St. Paul Fire & Marine Ins.*, 267 F.3d 30, 34 (1st Cir. 2001) | "Although appellants challenge the relevancy of the agreement to their motion, they do not dispute its authenticity." | 6 |
| 3. | *In re Apellis Pharms. Sec. Litig.*, 2025 WL 836491, at *5 (D. Mass. Mar. 17, 2025) | Publicly available documents. Authenticity not disputed. | 13 |
| 4. | *Archdiocese of Milwaukee Supporting Fund v. Invs. Fin. Servs.*, 2007 WL 9797807, at *2 (D. Mass. July 31, 2007) | Striking document "even when presented solely for background purposes, [that] extends beyond the scope of the complaint"; taking judicial notice of public documents of undisputed authenticity. | 6 |
| 5. | *In re Atl. Power Sec. Litig.*, 98 F. Supp. 3d 119, 122 (D. Mass. 2015) | Publicly available SEC filings. | 14 |
| 6. | *Barnstable Cty. v. 3M*, 2017 WL 6452245, at *5-6 (D. Mass. Dec. 18, 2017) | Taking judicial notice of: pleadings from related state court matter; study of undisputed authenticity referenced in complaint; and public records. | 6, 16 |

---

[1] Internal citations and quotations omitted unless otherwise noted.

| 7. | *Battle Const. v. InVivo Therapeutics Hldgs.*, 101 F. Supp. 3d 135, 140-141 (D. Mass. 2015), *aff'd sub nom. Ganem v. InVivo Therapeutics Holdings Corp.*, 845 F.3d 447 (1st Cir. 2017) | No dispute that the court may consider the documents; *see* plaintiff's brief, *Battle Constr.*, Case No. 1:14- cv-13180, Dkt. No. 46, at 4 n.3 ("the Court may consider the FDA approval letter on the motion to dismiss even though it is not attached to the Complaint because the document is central to Plaintiff's claim and the Complaint expressly relies upon it."). | 7 |
|---|---|---|---|
| 8. | *Beddall v. State Street Bank and Trust*, 137 F.3d 12, 17 (1st Cir. 1998) | Document was available to plaintiff, cited in complaint, and "plaintiffs neither challenged the authenticity … nor moved to strike it from the record." | 3, 4 |
| 9. | *In re Biogen Idec Sec. Litig.*, 2007 WL 9602250 (D. Mass. Oct. 25, 2007), *aff'd sub nom. N.J. Carpenters Pension & Annuity Fund v. Biogen IDEC Inc.*, 537 F.3d 35, 38 (1st Cir. 2008) | "We also consider the undisputed public documents utilized by each side in this case and considered by the district court." | 7 |
| 10. | *Burton v. AbbVie*, 2023 WL 6396667, at *2 n.3 (C.D. Cal. Sept. 25, 2023) | Granting "unopposed request for judicial notice of the publicly-available FDA records." | 15 |
| 11. | *Calvary Chapel of Bangor v. Mills*, 542 F. Supp. 3d 24, 27-28 & n.4 (D. Me. 2021), *aff'd*, 52 F.4th 40 (1st Cir. 2022) | "I may take judicial notice of matters appearing on an official government website, which are not subject to reasonable dispute." | 15 |
| 12. | *Celano v. Fulcrum Therapeutics*, 2025 WL 928783, at *9 n.15 (D. Mass. Mar. 27, 2025) | "The court rejects consideration of this exhibit on a motion to dismiss (and the related argument) where the exhibit is not referenced in the [complaint] and is not a public filing along the lines of a Form 10-K." | 5, 13, 17 |
| 13. | *In re Celexa and Lexapro Mrktg. and Sales Practices Litig.*, | Taking judicial notice of newspaper articles, medical publications, press releases, complaints in other federal courts, | 17 |

| | | | |
|---|---|---|---|
| | 2015 WL 3751422, at *3 (D. Mass. June 15, 2015) | and public FDA-approved labels where Plaintiffs did not challenge the authenticity. | |
| 14. | *City of Edinburgh Council v. Pfizer,* 754 F.3d 159, 163 n.3 (3d Cir. 2014) | Taking judicial notice of SEC filings. | 5 |
| 15. | *Clorox Co. Puerto Rico v. Proctor & Gamble Com.,* 228 F.3d 24, 32 (1st Cir. 2000) | The First Circuit did not consider, *inter alia*, "internal company memoranda" or (presumably non-public) "letters exchanged between the parties," explaining that "much of the evidence contained in the record is out-of-bounds in reviewing a 12(b)(6) dismissal." | 3, 4 |
| 16. | *In re Colonial Mortg. Bankers,* 324 F.3d 12, 16 (1st Cir. 2003) | Taking judicial notice of prior proceedings that "resulted in a judgment on the merits" and were known to plaintiff in deciding motion to dismiss on *res judicata* grounds. | 3, 4, 5, 6 |
| 17. | *Conley v. U.S. Dep't of State,* 731 F. Supp. 3d 104, 108 n.2 (D. Mass. 2024) | Plaintiff brought action for declaratory judgment to compel review of father's visa application. Court took judicial notice of visa application website and email sent to father where plaintiff did not dispute authenticity and documents were supported by a "declaration from an attorney-adviser employed by the U.S. Department of State attesting to the authenticity." | 15 |
| 18. | *Corban v. Sarepta Therapeutics,* 2015 WL 1505693, at *5 n.4 (D. Mass. Mar. 31, 2015), *aff'd*, 868 F.3d 31 (1st Cir. 2017) | "In connection with their motion to dismiss, Defendants submitted a number of documents in support of their arguments, … which the parties have treated as properly before the court." | 14 |
| 19. | *Doe v. Trs. of Dartmouth Coll.,* 2018 WL 2048384, at *1 (D.N.H. May 2, 2018) | Declining to consider "exhibits, or any argument based on such exhibits, in analyzing Dartmouth's motion to dismiss" because "Dartmouth does not submit these exhibits merely to, for example, clarify the content of a particular document that plaintiff references in his complaint. ... Rather, Dartmouth uses | 6 |

| | | | |
|---|---|---|---|
| | | the exhibits to challenge or supplement plaintiff's allegations ... this is clearly impermissible." | |
| 20. | *Fire & Police Pension Ass'n of Colo. v. Abiomed*, 778 F.3d 228, 232 n.2 (1st Cir. 2015) | "Neither party disputes that the court may properly consider these materials." | 7 |
| 21. | *Fortuna v. Town of Winslow*, 607 F. Supp. 3d 29, 35 (D. Me. 2022) | "The Court … concludes that it can take judicial notice of information from the official CDC and Maine CDC government websites that is not subject to reasonable dispute." | 15, 16 |
| 22. | *Freeman v. Town of Hudson*, 714 F.3d 29, 36 (1st Cir. 2013) | "The Freemans ask us to adopt the expansive view that any document held in a public repository falls within the category of extrinsic materials that may be considered. … The Freemans cite no authority … for their broad interpretation, and we have found none." | 6 |
| 23. | *Froyoworld Licensing v. Lin*, 2014 WL 1347218, at *2 (D. Mass. Apr. 2, 2014) | "Defendant's counsel cannot simply attach materials, explain where he got them and deem them authenticated." | 10 |
| 24. | *Fudge v. Penthouse Int'l*, 840 F.2d 1012, 1014-15 (1st Cir. 1988) | Article that was basis of libel and emotion distress claims was properly considered where "plaintiffs did not and do not challenge the authenticity of the copy of the article." | 4, 18 |
| 25. | *Gent v. CUNA Mut. Ins. Soc'y*, 611 F.3d 79, 84 n.5 (1st Cir. 2010) | Taking "judicial notice of the relevant facts provided on the website, which are not subject to reasonable dispute. | 14 |
| 26. | *Guerra v. Teradyne*, 2004 WL 1467069, at *3 n.3 (D. Mass. Jan. 16, 2004) | Considering public SEC filings and publdocuments related to another litigation; while plaintiffs raised a cursory challenge to the authenticity of some of the documents submitted, including public SEC filings, "the plaintiffs have failed to explain why | 13 |

iv

| | | | |
|---|---|---|---|
| | | these documents are any less authentic than the other Exhibits to which they raise no objection." | |
| 27. | *Gustavsen v. Alcon Lab'ys*, 272 F. Supp. 3d 241, 252 n.2 (D. Mass. 2017) | Because the documents at issue "are not public documents obtained from the FDA website, but rather are private communications, and are not relied on in the complaint[,] [t]hey may not be considered in deciding the motion to dismiss." | 8 |
| 28. | *Haley v. City of Boston*, 657 F.3d 39, 44 (1st Cir. 2011) | Considering the complaint, "facts contained in documents incorporated within the complaint and facts susceptible to judicial notice." | 6 |
| 29. | *Harrington v. Tetraphase Pharms.*, 2017 WL 1946305, at *3 n.3 (D. Mass. May 9, 2017) | "Here, the authenticity of the documents is not disputed by Plaintiffs and the documents are sufficiently referred to and extensively quoted in the Complaint. Additionally, Plaintiff raised no objection to the documents' inclusion." | 5 |
| 30. | *Howe v. Mass. Dep't of Corr.*, 2024 WL 3536830, at *2 n.2 (D. Mass. July 25, 2024) | Taking judicial notice of CDC guidance on motion for summary judgment. | 16 |
| 31. | *Kader v. Sarepta Therapeutics*, 2016 WL 1337256, at *10 n.6 (D. Mass. Apr. 5, 2016) | Considering public document of undisputed authenticity publicly available on website for the White House. | 4, 7, 15, 17 |
| 32. | *Kando v. Rhode Island St. Bd. of Elections*, 880 F.3d 53, 56-58 (1st Cir. 2018) | Letter sent to plaintiff, which was quoted in the complaint was incorporated by reference. | 3 |
| 33. | *Khoja v. Orexigen Therapeutics*, 899 F.3d 988, 1002 (9th Cir. 2018) | "[I]f the document merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint. Otherwise, | 4, 6, 11 |

| | | | |
|---|---|---|---|
| | | defendants could use the doctrine to insert their own version of events into the complaint to defeat otherwise cognizable claims." | |
| 34. | *Kleinman v. Elan,*<br>706 F.3d 145, 152 (2d Cir. 2013) | "We may also consider … documents possessed by or known to the plaintiff and upon which it relied in bringing the suit." | 5 |
| 35. | *Leavitt v. Alnylam Pharms.,*<br>525 F. Supp. 3d 259, 266 & ns. 1, 2 (D. Mass 2021) | Considering public documents. | 13 |
| 36. | *Leung v. bluebird bio,*<br>599 F. Supp. 3d 49, 57 (D. Mass. 2022) | Declining to consider documents that were not essential to evaluating the sufficiency of the complaint and were not referenced in the complaint. | 5, 13 |
| 37. | *Lombardo v. CitiMortgage,*<br>2019 WL 3546630, at *1 (D. Mass. Mar. 4, 2019) | "Defendant's request to take judicial notice of [ ] a public document available on a governmental website, is therefore appropriate." | 16 |
| 38. | *Meijer v. Ranbaxy,*<br>2016 WL 4697331, at *8 (D. Mass. June 16, 2016) | Declining to consider a private "FDA memorandum" that plaintiffs objected to. *See* plaintiffs' brief, Case No. 15-cv-11828, Dkt. No. 47, at 7 n.30 ("This previously secret document, of which the Court cannot appropriately take judicial notice, is not an appropriate basis for granting a motion to dismiss. At summary judgment and trial, after full and fair discovery, Ranbaxy will have an opportunity to present evidence in support of its theories."). | 7 |
| 39. | *Melino v. Bos. Med. Ctr.,*<br>127 F.4th 391, 396 n.3 (1st Cir. 2025) | "CDC's recommendations as to vaccination against COVID-19 and the medical and statistical information upon which they rest were subject to judicial notice" on motion for summary judgment. | 16 |

vi

| 40. | *Meyer v. Biopure*, 221 F. Supp. 2d 195, 206 (D. Mass. 2002) | Considering a "copy of the data presented" publicly at conference. | 4 |
|-----|------|------|------|
| 41. | *O'Hara v. Diageo-Guinness, USA*, 306 F. Supp. 3d 441, 457 (D. Mass. 2018) | Taking judicial notice of official agency decision of undisputed authenticity on agency's website. | 4, 6, 17 |
| 42. | *Omnicare v. Laborers Dist. Council Const. Indus. Pension Fund*, 575 U.S. 175, 190-91 (2015) | Stating the general standard for considering opinion statements in context. | 5 |
| 43. | *OrbusNeich Med. v. Bos. Sci.*, 694 F. Supp. 2d 106, 111 (D. Mass. 2010) | Striking email where authenticity was disputed. | 8 |
| 44. | *Paice v. Aldeyra Therapeutics*, 2025 WL 815065, at *1 ns. 2, 3 (D. Mass. Mar. 14, 2025) | Public documents, authenticity not disputed. | 15 |
| 45. | *Patterson v. Bosch Marine*, 744 F. Supp. 3d 142, 148 (D. Mass. 2024) | "That Patterson references express warranties in his Complaint does not mean that the particular express warranty proffered by Cummins may be considered on a motion for judgment on the pleadings, particularly where Patterson disputes its receipt and authenticity. Accordingly, Patterson's Motion to Strike [ ] is granted." | 10 |
| 46. | *Pease v. Burns*, 719 F. Supp. 2d 143, 146 n.1 (D. Mass. 2010) | "[P]ublic document whose authenticity neither party has challenged … [is] susceptible to judicial notice." | 4, 16 |
| 47. | *Pension Trust v. J.Jill*, 360 F. Supp. 3d 17, 22 n.1 (D. Mass. 2018) | Plaintiffs alleged that documents contained untrue statements of material fact. Defendants submitted the documents in their entirety and plaintiff did "not object[] to the authenticity … nor moved to strike it from the record." | 4 |

| | | | |
|---|---|---|---|
| 48. | *Pietrantoni v. Corcept Therapeutics*, 640 F. Supp. 3d 197, 205-206 (D. Mass. 2022) | Declining to take judicial notice of "data summaries prepared by counsel. Because these documents are not publicly available." | 17 |
| 49. | *Pizzuto v. Homology Meds.*, 2024 WL 1436025, at *2 (D. Mass. Mar. 31, 2024) | Declining to consider materials relating to FDA Advisory Committee meeting where complaint "refer[s] to the occurrence" of the meeting but "mentions nothing about the substance of that meeting." | 4, 5, 15 |
| 50. | *In re PLC Sys. Sec. Litig.*, 41 F. Supp. 2d 106, 118 (D. Mass. 1999) | Declining to consider scientific articles that "lie outside the scope of the pleadings." | 13 |
| 51. | *In re PTC Therapeutics Sec. Litig.*, 2017 WL 3705801, at *3 n.5 (D.N.J. Aug. 28, 2017) | Striking extrinsic documents where "the inferences defendants wish to draw from these documents go beyond the mere existence of statements within them." | 11, 17 |
| 52. | *Quaak v. Dexia*, 357 F. Supp. 2d 330, 339 (D. Mass. 2005) | "The more tenuous connection between the articles and the complaint in this case is not sufficient to allow their consideration at this stage." | 13 |
| 53. | *Shash v. Biogen*, 84 F.4th 1, 6 n.2 (1st Cir. 2023) | Public documents allowed. | 5, 13 |
| 54. | *Shaw v. Digital Equip.*, 82 F.3d 1194, 1220 n.34 (1st Cir. 1996) | Publicly available news articles which plaintiffs did not "object[] to the district court's nor the defendants' making reference to the full text of those articles." | 3, 4, 5 |
| 55. | *Shulse ex rel. Shulse v. W. New England Univ.*, 2020 WL 4474274, at *1-2 (D. Mass. Aug. 4, 2020) | Considering public documents that are available to plaintiff, form the basis of breach of contract claim, and plaintiff did not "specifically challenge the authenticity of the [documents] in her motion to strike or at oral argument." | 6 |

viii

| | | | |
|---|---|---|---|
| 56. | *Simon v. Abiomed,* 37 F. Supp. 3d 499, 504 n.3 (D. Mass. 2014), *aff'd sub nom. Fire & Police Pension Ass'n of Col. v. Abiomed,* 778 F.3d 228, 232 n.2 (1st Cir. 2015) | "Neither party disputes that the court may properly consider these materials." | 7 |
| 57. | *Tellabs v. Makor Issues & Rts.,* 551 U.S. 308, 322 (2007) | Stating general standard that when deciding a Rule 12(b)(6) motion, courts must consider the complaint, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." | 5 |
| 58. | *Thevenin v. M&T Bank,* 468 F. Supp. 3d 447, 450 (D. Mass. 2020) | Declining to consider document where "[a]lthough central to plaintiff's complaint, [plaintiff] expressly contests the authenticity of the submitted material." | 10 |
| 59. | *In re Thoratec Sec. Litig.,* 2006 WL 1305226, at *4 (N.D. Cal. May 11, 2006) | Publicly available document considered. | 13 |
| 60. | *Tomaszewski v. Trevena,* 482 F. Supp. 3d 317, 327-328 (E.D. Pa. 2020) | "Because Plaintiffs did not have access to the [non-public] documents until Defendants attached them to the motion to dismiss, the documents could not have been integral to or explicitly relied upon in the Complaint." | 9, 10 |
| 61. | *Urman v. Novelos Therapeutics,* 796 F. Supp. 2d 277, 282 (D. Mass. 2011) | Publicly available document considered. | 13 |
| 62. | *In re Vertex Pharms. Sec. Litig.,* 357 F. Supp. 2d 343, 352 n.4 (D. Mass. 2005) | Publicly available document considered. | 6, 15 |
| 63. | *Watterson v. Page,* 987 F.2d 1, 3-4 (1st Cir. 1993) | "Plaintiffs, moreover, introduced the documents themselves, in order to bolster their argument against defendants' motions to dismiss. … [T]he problem that arises when a court reviews statements extraneous to a complaint generally is the lack of notice to the plaintiff.... Where plaintiff has actual notice ... and has relied upon these documents in framing the complaint the | 4, 15 |

| | | | |
|---|---|---|---|
| | | necessity of translating a Rule 12(b)(6) motion into one under Rule 56 is largely dissipated." | |
| 64. | *Yan v. ReWalk Robotics,* 330 F. Supp. 3d 555, 561 n.1 (D. Mass. 2018), *aff'd*, 973 F.3d 22 (1st Cir. 2020) | "Neither party disputes that the Court may properly consider these documents." | 7 |
| 65. | *Young v. Lepone,* 305 F.3d 1, 11 (1st Cir. 2002) | Complaint "contained extensive excerpts" from the documents offered by the defendants. | 4 |

x